Juan Escontrias v. The State.

No. 8325.   Decided November 5, 1924.

No motion for rehearing filed.

**Carrying a Pistol—When Unlawful.**

> A deputy constable, or special policeman who does not receive a compensation of forty dollars or more per month for his services, is not authorized to carry a pistol, as coming within the exception of peace officers, while in the actual discharge of his official duty.

Appeal from the County Court of El Paso County.   Tried below before the Hon. E. B. McClintock, Judge.

Appeal from a conviction for unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

*Goggin, Hunter & Brown,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The conviction is for unlawfully carrying a pistol; punishment fixed at a fine of one hundred dollars.

The appellant's possession of the pistol was shown without dispute. He attempted to justify upon the ground that he was a police officer of the city of El Paso; that he had been assigned to detective work by the Chief of Police and had gone to Socorro in El Paso County, where the offense was charged to have been commited, on a detective mission.

Appellant said he was a regular police officer on the pay-roll under the Chief of Police. His compensation was not stated. It seems that some weeks before the transaction occurred, a murder had taken place and

that the appellant had been selected by the Chief of Police and "put on the special job of locating the murderers." Appellant claimed that at a dance in Socorro, he saw in company with others, Vicente Hernandez, one of the persons charged or suspected with the murder. Appellant was called aside and offered a drink by Victor Apodaca, who produced a demijohn and was then arrested by Carrasco, a deputy constable. Appellant requested that Apodaca be released, and upon his release, started to take him to his home, but turned back and asked Carrasco if he was angry. Upon receiving the reply that he was not angry, appellant told him that he was in need of help to arrest Vicente Hernandez. At that time, according to the appellant, he was struck and knocked down, the constable and deputy constable both assaulting him. Appellant denied that he fired his pistol, and said: "I did not try to arrest that man myself because I had not right to carry a gun." According to the State's testimony, he was making use of it in a manner inconsistent with his official duty as an officer. The statute declares, with certain exceptions, that persons are forbidden to carry a pistol on or about their person. Within the exceptions is a peace officer "while in the actual discharge of his official duty" but a deputy constable or special policeman who does not receive a compensation of forty dollars or more per month for his services as such officer is not exempt. Having been found in possession of the pistol about his person, it was necessary that the appellant justify his possession by evidence that he was within the exceptions to the statute. Jones v. State, 91 Texas Crim. Rep., 242, and cases cited therein.

From the State's testimony it is inferable that the supposed murderer Hernandez was not seen by the appellant and was not present upon the occasion of the alleged transaction; that the appellant was in company with one Apodaca who had intoxicating liquor in his possession, and that upon the attempt of the constable to arrest Apodaca, the appellant interfered, exhibiting his pistol, threatening to shoot the constable and subsequently used it as a bludgeon in an affray.

From the State's version of the testimony, it cannot be said that the appellant was a peace officer in the actual discharge of his official duty. The judge who tried the case without a jury was privileged to accept the State's theory, and his action in doing so, is binding upon this court.

There was no error in showing the use made by the appellant of his pistol. It was part of the *res gestae*. However, if improperly received, it would not work a reversal, the evidence being sufficient and the lowest penalty assessed.

The judgment is affirmed.

*Affirmed.*