### ALVIS WELCH v. THE STATE.

No. 23810. Delivered January 21, 1948.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted for the murder of Henry Fields and assessed a penalty of twelve years in the state penitentiary.

The facts are amply sufficient to support the conviction and will be discussed only as they pertain to the issues raised by this appeal. Appellant and his wife had separated and she had secured a divorce in June, 1945, which was more than a year prior to the killing. Since the date of the homicide she remarried to another man, and was so married to him at the time of the trial. She was called as a witness by the State and testified as an important witness to the circumstances leading up to and of the shooting, which resulted in the death of Fields. He objected to her testimony based on the contention that at the time of the killing she was his common-law wife and, therefore, not qualified to testify. On this issue the evidence reveals that some time after she had secured her divorce he went, with a brother-in-law, to Colorado where he was engaged in work for a period of time not clearly revealed. At the time he took the train at Amarillo she accompanied him and he registered in a hotel there as husband and wife, and they spent the night together. During the period of his absence she wrote a number of letters, which she admitted on cross-examination, in which she gave expression to her affections with superlative adjectives. This was characteristic of each of the letters on which she was cross examined. In one it is further indicated that she was afraid that she was pregnant. After he returned to Texas they were much in association with each other and he did, on one occasion, introduce her as his wife. To this, according to her statement, she did not assent and had never so presented herself to the general public. We find no brief in the case and the authorities upon which appellant relies to base such contention are not revealed.

A necessary ingredient to a common-law marriage is that the parties live together as husband and wife and hold themselves out as such. Martinez v. Martinez, 6 S. W. (2d) 408. It is based upon an agreement between the parties to become husband and wife. Texas Employers' Insurance Association v. Soto, 294 S. W. 639. In all civil matters involving property rights the claim of common-law marriage is closely scrutinized. Grant v.

Grant, 286 S. W. 647; De Beque v. Ligon, 286 S. W. 749. For the claim herein made the same rules should apply.

As the writer views the testimony of appellant on the subject, it amounts to nothing more than illicit relationship existing between him and his former wife. That which she admits is explained as being an effort to reconcile their differences and, whether or not the testimony of the former wife is plausible, it fails to concede the necessary elements to constitute common-law marriage. To be the basis of a marriage contract the agreement should be specific from both sides. Marriage is more than a contract, it is a status in which stability and permanence are vital, and this is particularly true when dealing with common-law marriages. See McChesney v. Johnson, 79 S. W. (2d) 658.

The most insistent complaint which we find, in the state of the record, is the failure of the court to exclude such testimony of the former wife based on the objection that she was the common-law wife of appellant at the time the offense alleged was committed. The court gave a charge on the subject, the defects of which need not be considered because we are of the opinion that the evidence did not require such charge.

The further objection found in the record goes to the validity of the grand jury which returned the bill. That question was discussed in the case of Roy C. Tinsley v. State, decided on December 3, 1947, and being from the same county and was raised by the same attorney who tried the instant case in the court below. (Page 339 of this volume).

We are of the opinion that the court gave a charge on every affirmative defensive issue raised by the evidence. Finding no reversible error, the judgment of the trial court is affirmed.