Charles Miller **CHATMAN**, Appellant,

v.

T,he **STATE of Texas**, Appellee.

No. 48632.

Court of Criminal Appeals of Texas.

Sept. 18, 1974.

---

4. He testified he didn't understand all the things the judge told him at the time of his guilty plea.

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Ronald Young, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

CORNELIUS, Commissioner.

Appellant was convicted of carrying a pistol while in premises covered by a permit issued under the provisions of the Texas Liquor Control Act. Punishment, enhanced under Art. 63, Vernon's Ann.P.C., was set at life.

In appellant's first ground of error, it is urged that Beverly Ann Campbell was the common law wife of appellant and therefore the court should not have allowed her to testify against him. The witness denied that she and appellant were married or that they had ever lived together or had held themselves out as man and wife. She testified that they were only "good friends." Evidence from others was conflicting as to whether she was ever introduced by appellant as his wife. The appellant himself testified that he and the witness were not married and that he had never been married. He testified that they had "stayed together" and that he considered her his wife and that, although they had not married he was "figuring on marrying her," and that they had such "plans." At another point in his testimony, appellant said they were not married but were just staying together and that he had not bought her a ring.

A claim of common law marriage is closely scrutinized by the courts. Welch v. State, 151 Tex.Cr.R. 356, 207 S.W.2d 627. To establish a common law marriage there must be shown (1) an agreement by the parties to become husband and wife; (2) a living together pursuant to such agreement; and (3) a holding out of each other to the public as husband and wife. Almaraz v. State; Tex.Cr.App., 377 S.W. 2d 197; Welch v. State, supra. The agreement of marriage should be specific on both sides. Krzesinski v. State, 169 Tex.Cr.R. 178, 333 S.W.2d 149; Welch v. State, supra.

In the case at bar, the testimony of the appellant, even assuming it to be true and disregarding the witness' denials, falls short of the proof required, and shows only an illicit relationship. There was no testimony from any source tending to show an agreement. Under

such circumstances the issue of common law marriage was not raised. Archie v. State, Tex.Cr.App., 511 S.W.2d 942; Gary v. Gary, Tex.Civ.App., 490 S.W.2d 929; Krzesinski v. State, supra; Shields v. State, Tex.Cr.App., 402 S.W.2d 761. Ground of error number one is overruled.

 Ground of error number two contends that the affidavit or certificate of facts from the Alcoholic Beverage Commission showing that the premises in question were licensed under the Texas Liquor Control Act should not have been admitted into evidence. An examination of this certificate in the record reveals that it is in compliance with Art. 3731a, Vernon's Ann.Civ.St. That statute, which is made applicable to criminal cases by Art. 38.02, Vernon's Ann.C.C.P., provides that such certificate or statement of facts is admissible, so far as relevant, to prove the truth of the matter stated therein. See Spencer v. State, 164 Tex.Cr.R. 464, 300 S.W.2d 950; Goolsby v. State, 166 Tex.Cr.R. 180, 312 S.W.2d 654; and Rice v. State, 163 Tex.Cr.R. 367, 292 S.W.2d 114. Failure to give notice of the intended introduction of such certificate as provided in Sec. 3 of Art. 3731a does not constitute reversible error, in view of the failure of appellant to object at the trial on such grounds. Rice v. State, supra. Ground of error number two is overruled.

In ground of error number three the appellant asserts that the evidence is insufficient to sustain the conviction. The bases of this contention are (1) that the appellant testified that when he brought the pistol into the premises he was merely returning it to Miss Campbell who actually owned it; and (2) that since Miss Campbell testified that she was a part owner of the establishment, the appellant as her common law husband would, in effect, be carrying the weapon on his own property. Thus, appellant is in essence urging that his possession of the weapon came within one of the exceptions where his possession would be lawful.

 The burden is upon the accused to bring himself within one of the exceptions making his possession of the weapon lawful. Escontrias v. State, 98 Tex.Cr.R. 374, 265 S.W. 1030; Wagner v. State, 80 Tex.Cr.R. 66, 188 S.W. 1001. As previously noted, the issue of appellant's common law marriage to Miss Campbell was not raised by the evidence. As to the claim of appellant that he was returning the pistol to its owner, Miss Campbell testified that the gun was not hers and that she had never seen it. She further testified that the appellant came into the establishment with the pistol and said to her, "Get up bitch, I'm going to kill you," and that he then shot her six times. Another witness testified that he heard appellant tell Miss Campbell to go for her gun before he shot her. There was thus ample evidence which, if the jury believed, would refute appellant's claim and sustain the conviction. The trial court instructed the jury to acquit appellant if it believed that he was only returning the gun to its owner. Ground of error number three is overruled.

 Ground of error number four asserts that, as the offense of carrying a pistol on licensed premises is in itself an "enhanced" offense, the offense could not lawfully be further enhanced by two prior felony convictions under the provisions of Art. 63, V.A.P.C. This contention has no merit. The fact of carrying the pistol on licensed premises does not enhance the punishment of a misdemeanor. It makes the offense a felony. Art. 483, V.A.P.C. The fact that said article makes the offense, when not committed on licensed premises, a lesser included misdemeanor offense, does not prevent the conviction for the felony from being enhanced under the provisions of Art. 63, V.A.P.C. See Tomlin v. State, 170 Tex.Cr.R. 108, 338 S.W.2d 735; Woods v. State, Tex.Cr.App., 394 S.W.2d 513. Ground of error number four is overruled.

We find no reversible error. The judgment of the trial court is affirmed.

Opinion approved by the Court.