**Ramon SALAYANDIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0231–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 24, 1983.

Candelario Elizondo, Houston, for appellant.

Patricia Saum, Houston, for appellee.

Before WARREN, BASS and BULLOCK, JJ.

## OPINION

WARREN, Justice.

A jury found appellant guilty of murder; the court assessed his punishment at 45 years confinement. We affirm.

On November 24, 1980, Rafael Cardenas, the fiance of Alicia Guerrero, came to Mrs. Guerrero's home following a drinking session. She allowed Cardenas to go to sleep in her children's room. Shortly thereafter, appellant came to the house, went into the bedroom where Cardenas was sleeping, began beating on him, and during a fight between them, appellant stabbed Cardenas to death with a pair of scissors.

Appellant does not complain of the sufficiency of the evidence, but in three grounds of error alleges that the court committed reversible error, as follows:

(1) in allowing Alicia Guerrero, who appellant claims was his common law wife, to testify;

(2) in prohibiting appellant's attorney from going into any facts regarding the marriage relationship between appellant and Mrs. Guerrero; and

(3) in submitting a fundamentally defective indictment paragraph to the jury.

Our discussion is limited to the first two grounds of error pertaining to the alleged common law marriage, because the record shows that, contrary to appellant's assertion, the defective count complained of in (3) above was not submitted to the jury.

Art. 38.11, V.A.C.C.P., in part, states that neither a husband nor wife shall in any case testify against the other in a criminal prosecution. The statute lists exceptions, but they are not pertinent to the facts of this case.

Appellant claims that a common law marriage existed between Mrs. Guerrero and him, which marriage had its inception during September 1980.

To establish a common law marriage, one must establish these three facts:

(1) an agreement by the parties to become husband and wife;

(2) a living together pursuant to such agreement, and

(3) a holding out of each other to the public as husband and wife. *Chatman v. State*, 513 S.W.2d 854 (Tex.Cr.App.1974).

Pursuant to appellant's motion in limine, the court held a hearing on the admissibility of Alicia Guerrero's testimony, and, at the completion of the hearing, overruled appel-

lant's motion and held Guerrero competent to testify. The court further granted the State's motion in limine and forbade appellant's counsel from presenting testimony regarding the marital status of appellant and Mrs. Guerrero.

 At the hearing on the motion in limine, Mrs. Guerrero denied ever having lived with appellant or that either ever held themselves out as man and wife. Appellant testified that during September, 1980 he lived with Mrs. Guerrero in her house for 22 days, that she often referred to him as her husband, and that they planned to be ceremonially married. Another witness testified that Mrs. Guerrero told her in September, 1980 that appellant was her husband and that they were living together. Other witnesses testified that they had seen appellant and Mrs. Guerrero together on several occasions. But there is no testimony from appellant or from Mrs. Guerrero concerning an agreement to become husband and wife. An agreement of marriage should be specific on both sides. *Krzesinski v. State,* 169 Tex.Cr.R. 178, 333 S.W.2d 149 (Tex.Cr.App.1960). *Bodde v. State,* 568 S.W.2d 344 (Tex.Cr.App.1978). The issue of marriage, if raised by the evidence, should be decided by the trier of fact. *Welch v. State,* 151 Tex.Cr.R. 356, 207 S.W.2d 627 (Tex.Cr.App.1948); *Bodde, supra.* But when the evidence is insufficient to raise a fact issue, there is no such necessity.

As there was no evidence showing that appellant and Mrs. Guerrero agreed to live together as husband and wife, the court correctly held Mrs. Guerrero competent to testify and correctly forbade appellant's counsel from presenting testimony regarding the alleged marriage.

Each of appellant's remaining points of error is overruled.

Affirmed.