# JUNE 23, 1939

## CLEMON "CAT" BELL V. THE STATE.

No. 20415.  Delivered May 31, 1939.
Rehearing Denied June 23, 1939.

The opinion states the case.

*Pinkston & Pinkston*, of Dallas, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is murder; the punishment, confinement in the penitentiary for four years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Willie Oliphant by shooting him with a pistol.

Lillie Bell, a witness for the State, testified that on the night of the homicide she and deceased started to the home of Hawk; that deceased had called for her at her brother's home where she had moved after leaving the home of the appellant; that on the way to Hawk's house she and deceased were overtaken by appellant, who called upon deceased to stop; that when deceased complied with appellant's request appellant said to deceased, "I thought you were coming after that hog;" that with these words appellant began shooting, firing two or three shots, one of which was fired after the deceased got out of his car on the right hand side; that the defendant then ran around the back of the car and came upon the deceased as he was crawling into the cotton nearby, and fired one more shot; that the deceased made no movement to hurt the appellant and said nothing to him. The testimony of the State was to the further effect that deceased died shortly after he had been shot by the appellant. Immediately after the homicide appellant went to his landlord and gave him his pistol. He stated at the time that he had killed deceased and that he intended to kill him.

Testifying in his own behalf, appellant declared that he had entertained no illwill toward the deceased. He said that deceased had told him that he wanted to buy a hog from him; that he would be by the appellant's home at 7 p. m. to receive

the hog; that he waited at the appointed place for deceased but he did not appear; that he later started to the home of Lillie Bell's brother to see if he could find Lillie Bell; that upon overtaking Lillie Bell and deceased he discovered that their car was parked by the road; that he engaged deceased in conversation; that deceased made a movement with his hand toward his hip pocket; that believing his life was in danger he shot deceased. In explaining why he was carrying a pistol, appellant declared that he had borrowed it from his land-lord to carry with him on a trip he was preparing to take to West Texas.

Appellant introduced numerous witnesses who testified that his general reputation as a peaceable and law-abiding citizen was good.

Bill of exception No. 1 is concerned with the action of the court in overruling appellant's challenge for cause to venire-man Moseley. The bill shows that appellant failed to use a peremptory challenge notwithstanding he had only exercised two challenges at the time the juror was questioned on his voir dire examination. It is not shown by the bill that any objectionable juror was thereafter forced upon the appellant. On the contrary, the court's qualification to the bill is to the effect that appellant was required to take no objectionable juror. Under the circumstances, we are constrained to over-rule appellant's contention that error is presented. We quote from 4 Tex. Jur., 579, as follows: "To warrant a reversal it must be shown not only that a sufficient challenge for cause was overruled and that the defendant exhausted his peremp-tory challenges, but also that one or more objectionable jurors sat in the case. If an objectionable juror was not forced upon the defendant the overruling of a challenge for cause is not reversible error even though the appellant was required to exercise a peremptory challenge in order to excuse the juror * * *." See Shelburne v. State, 11 S. W. (2d) 519, and Jackson v. State, 260 S. W. 199.

Bill of exception No. 2 shows that the State introduced the witness Lillie Bell over appellant's objection that she was his common-law wife. The bill of exception is qualified as follows: "The court retired the jury to hear evidence and evidence was heard. Said witness testified that she was never married to the appellant in any way, and that she never, at any time, held him out or considered him as her husband. While the evi-dence only indicated at the best, from appellant's standpoint, a living together as man and mistress, without the benefit of

clergy or the general sanction of mankind, the court instructed the jury very fully on this question. The appellant himself, while as a witness, in one fact of his testimony, said that he and the witness were not married and that she was not his wife." In 28 Tex. Jur., 714, common-law marriage is defined as follows: "Such marriage may be defined as an agreement between a man and a woman, both competent to marry, presently to become husband and wife, and an actual living together as such." In support of the text many authorities are cited, among them being Martinez v. Martinez, 6 S. W. (2d) 408. In the Martinez Case it is said: "To constitute a common-law marriage, there must be an agreement to become husband and wife, a living together pursuant thereto as such, and a holding out of each other to the public as husband and wife." It is manifest from the qualification appended to the bill of exception that it was not shown that the witness was appellant's common-law wife. At all events, if the issue was raised, it was submitted to the jury in the charge of the court with an instruction to disregard the testimony of the witness in the event they found her to be the appellant's common-law wife. In connection with such charge the court properly defined common-law marriage. We are of opinion that the bill of exception fails to reflect error.

Appellant submitted several requested charges which the court declined to give. An examination of the charge of the court discloses that it adequately submitted all issues raised by the testimony. The court charged on murder with and without malice, and submitted an instruction covering the law of self-defense. He also submitted the question of suspension of sentence. The jury returned a verdict finding appellant guilty of murder without malice. The charges requested by appellant do not appear to have been called for by the evidence.

A careful examination of all of appellant's contentions leads us to the conclusion that error is not presented.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant in his motion attacks the correctness of the state-

ment of facts, which seems to have been prepared by the district judge for some reason unexplained in the record. We note, however, that the court states at the conclusion thereof that such a statement was, *at the request of appellant,* filed as a statement of facts in this cause, and ordered sent up with the record. The appellant now presents an affidavit signed by himself, and sworn to before a notary public, which he asks us to consider, and which attempts to contradict the trial court's prepared statement of facts in many particulars. We can not consider the same. To do such would make this court a trier of the facts produced in the court below, and would lead to constant contradictions and interminable confusion.

We think that all the matters raised herein have been fully written on, and properly disposed of in our original opinion, and this motion is overruled.