Osvaldo Lujan JACQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 60476.

Court of Criminal Appeals of Texas, Panel No. 1.

April 11, 1979.

H. Thomas Hirsch, Odessa, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

Appellant waived his right to trial by jury and pled guilty to the offense of indecency with a child; punishment is imprisonment for five (5) years.

Two interesting questions heretofore undecided by this court are presented. The sufficiency of both the indictment and the evidence are questioned.

The indictment alleged that on or about December 5, 1977, appellant did "unlawfully engage in sexual contacts with S_ W_ and R_ W_, both male children and both younger than 17 years of age, by then and there forcing both said minors to touch OSVALDO LUJAN JACQUEZ's exposed penis with the intent to arouse and gratify the sexual desire of the said OSVALDO LUJAN JACQUEZ."

Appellant signed a written waiver of his rights to trial by jury and to confront the witnesses against him. He also agreed to stipulate to certain evidence, the relevant portion of which is as follows:

"S_ W_ of Wickett, Texas, if called to testify would state that on December 5, 1977 he and his brother, R_ W_, hereinafter called 'R_', were visiting their Grandmother, Anita Naegele, who lives across the street from Sudderth Elementary School in Monahans, Ward County, Texas; that on said date, between 5:00 and 6:00 o'clock p. m. he and R_ started to the playground area of said school when an adult, Mexican-American male (who he would identify as the Defendant in this Courtroom today, OSVALDO LUJAN JACQUEZ, hereinafter called 'Jacquez') grabbed both his and R_'s hands, drug them behind said school building and forced him and R_ to both 'touch and scrub' Jacquez's exposed penis; that he then ran around the corner of said building, waited a short time, and ran back and tricked Jacquez by yelling that their 'Mother was coming to get them'; that at the time he was so yelling 'their Mother was coming' R_ was trying to pull away from Jacquez and Jacquez kicked R_ but R_ pulled away and he and R_ ran to their Grandmother's house; that R_ is a 4 year old male and that he was an 8 year old male on April 10, 1978; that neither he nor R_ are related in any way to Jacquez and that neither he nor R_ consented to any aforesaid acts forced upon them by Jacquez."

Appellant first urges that the court erred in overruling his motion to quash the indictment because it did not allege that the complainants were "not his spouse."

V.T.C.A., Penal Code, § 21.11, Indecency with a Child, provides, in pertinent part, as follows:

"(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:

"(1) engages in sexual contact with the child; or

"(2) exposes his anus or any part of his genitals, knowing the child is present, with intent to arouse or gratify the sexual desire of any person."

Under former Penal Codes, the State was not required to allege, in an indictment for rape by force, that the injured female was not the wife of the defendant, *Craig v. State*, 478 S.W.2d 86 (Tex.Cr.App.1972); *Lee v. State*, 169 Tex.Cr.R. 300, 334 S.W.2d 289 (1960), although such an allegation was necessary when the indictment was for rape of a female under the age of consent. *Love*

*v. State,* 499 S.W.2d 104 (Tex.Cr.App.1973); *Bullock v. State,* 122 Tex.Cr.R. 121, 54 S.W.2d 91 (1932). It was not an element of the offense of fondling under the former Penal Code that the injured party not be the spouse of the accused. Article 535d, V.A.P.C.

The indictment in the instant case obviously alleges that both the appellant and the complainants were males. As such, they could not have obtained a license to marry. V.T.C.A., Family Code, § 1.01. Nor, contrary to appellant's assertion, could they have entered into a common law marriage.

"A common-law marriage exists when *a man and [a] woman* enter into an agreement to become husband and wife, and, in pursuance of such agreement, do live together and cohabit as husband and wife, and hold each other out to the public as husband and wife." (Emphasis added.)

*Berger v. Kirby,* 105 Tex. 611, 153 S.W. 1130 (1913). See *Bell v. State,* 137 Tex. Cr.R. 401, 129 S.W.2d 664 (1939).

The indictment, viewed in its entirety, sufficiently apprised appellant of the charge against him and allowed him to prepare his defense. Appellant's substantial rights were not prejudiced by the omission of which he complains. See Article 21.19, V.A.C.C.P.; *Love v. State,* supra. The court did not err in overruling appellant's motion to quash.

Appellant urges that the evidence is insufficient to sustain the conviction because the State did not prove that appellant engaged in "sexual contact" within the statutory meaning of that term. Specifically, appellant argues that the evidence shows only that he forced the complainants to touch his genitals, and that sexual contact occurs only when the accused touches the victim's genitals.

V.T.C.A., Penal Code, § 21.01(2), provides as follows:

"(2) 'Sexual contact' means any touching of the anus or any part of the genitals of another person or the breast of a female 10 years or older with intent to arouse or gratify the sexual desire of any person."

We agree with appellant that the statutory definition of sexual contact seems to contemplate that sexual contact occurs when the accused touches the victim's genitals, and not vice versa. However, the statutory definition of indecency with a child provides that a person commits an offense if he "engages in sexual contact *with the child . . .*" (Emphasis added.) § 21.-11(a)(1), supra. By grabbing the complainants and forcing them to "touch and scrub" appellant's penis, appellant engaged in sexual contact with the complainants. See also, V.T.C.A., Penal Code, § 7.02(a)(1). The evidence is sufficient to sustain the conviction.

The judgment is affirmed.