**John Michael HERRING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00122 CR.**

Court of Appeals of Texas, Dallas.

March 2, 1982.

Rehearing Denied May 17, 1982.

Kennard E. Mackey, Austin, for appellant.

Jeffrey B. Keck, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, SPARLING and FISH, JJ.

FISH, Justice.

Appellant was convicted of public lewdness by a jury. The court set punishment at 30 days in jail, probated for one year, and a fine of $1,000. Appellant contends on appeal that the trial court should have granted his motion to quash (1) because the information did not allege that he committed an offense against the laws of the state of Texas and (2) because the information is so ambiguous that it failed to give him adequate notice of the conduct charged. We agree with both contentions and consequently reverse.

### I. Was Appellant Charged With An Offense?

The first question presented on this appeal is whether appellant "engage[d]" in an act of sexual contact by "allowing" another "to touch his genitals." We hold that he did not.[1]

█ Appellant's conduct was not criminal unless made so by legislative act. The Penal Code provides that:

[c]onduct does not constitute an offense unless it is *defined as an offense* by statute, municipal ordinance, order of a county commissioners court, or rule authorized by and lawfully adopted under a statute.[2]

Sec. 1.03(a), Tex.Penal Code Ann. (Vernon 1974).

Thus, allowing another to touch one's genitals with intent to arouse and gratify, as alleged in the information, is not punishable unless it is "conduct ... defined as an offense." Sec. 1.03(a), Tex.Penal Code Ann. (Vernon 1974). "Conduct" is defined as "an act or omission and its accompanying mental state." Sec. 1.07(a)(8), Tex.Penal Code Ann.

(Vernon 1974). To decide whether appellant was guilty of such conduct, we must determine whether he engaged in an "act" or "omission," as those terms are defined in the Code.

Taking these possible meanings of "conduct" in reverse order, we first examine the State's contention, made at oral argument, that appellant's "allowing" the touching of his genitals was culpable conduct because it was an omission[3] to perform a legal duty. This contention is refuted by the express language of the Penal Code: "[a] person who omits to perform an act does *not* commit an offense unless a statute provides that the omission is an offense or otherwise provides that he has a duty to perform the act." Sec. 6.01(c), Tex.Penal Code Ann. (Vernon 1974). The State has not referred us to any statute providing that this "omission" is an offense or that appellant had a duty to perform an act but did not. Moreover, failure to allege such a duty in the charging instrument is a fundamental defect. *Lang v. State*, 586 S.W.2d 532, 533 (Tex.Cr.App.1979); *Ronk v. State*, 544 S.W.2d 123, 125 (Tex.Cr.App.1976). Since the information here did not allege a duty appellant failed to perform, his "allowing" of a genital touch cannot be sustained as conduct through omission.

█ We next consider whether the information may be upheld under the alternate definition of "conduct," viz., that it charged appellant with an "act." In determining whether appellant has engaged in an "act" of "allowing" another to touch his genitals, we must turn to the statutory definition of the offense charged. The Penal Code defines public lewdness, in pertinent part, as follows:

Sec. 21.07. Public Lewdness

---

1. The information charged that appellant "did ... knowingly engage in an act of sexual contact with Danny Burks, by then and there allowing the said Danny Burks, to touch his genitals, with the intent to arouse and gratify the sexual desire of defendant, while said persons were in a public place."

2. Emphasis supplied throughout unless otherwise indicated.

3. "Omission" means "failure to act." Sec. 1.07(a)(23), Tex.Penal Code Ann. (Vernon 1974).

(a) A person commits an offense if he knowingly engages in any of the following *acts* in a public place . . .

  (3) an *act* of sexual contact. . . .

Tex.Penal Code (Vernon 1974). The term "sexual contact" is elsewhere defined as follows:

Section 21.01. Definitions

In this chapter:

  .    .    .    .    .

  (2) "Sexual contact" means any touching of . . . any part of the genitals *of another person* . . . with intent to arouse or gratify the sexual desire of any person.

Tex.Penal Code Ann. (Vernon Supp.1982). By these definitions, the elements of public lewdness to be proved in this case are:

  (1) A person (appellant)

  (2) knowingly engages in

  (3) any touching

  (4) of any part of the genitals

  (5) *of another person*

  (6) with intent to arouse or gratify the sexual desire

  (7) of any person

  (8) in a public place.

The information does not charge appellant with this offense, for it does not allege that he touched the genitals *of another person.* Rather, it avers that appellant allowed another person to touch his genitals. Clearly, then, appellant's own "acts," if any, are insufficient, as alleged, to constitute the offense.

▊  The State argues that appellant's conviction should nevertheless be affirmed under the law of parties.[4] The law of parties provides that "an accused may be charged with an offense on the theory that, although he did not, himself, alone commit it, he is criminally responsible for the conduct of the one or more persons who did." *Galvan v. State,* 598 S.W.2d 624, 628 (Tex. Cr.App.1979) (On State's Motion For Rehearing). While the law of parties makes an accused criminally responsible, under some circumstances, for the conduct of another, *see* section 7.02, it does not alter the definition of the conduct constituting an offense. On the contrary, the language in section 7.02, making an accused vicariously responsible for aiding another "to commit *the offense*", still requires conduct constituting an offense plus *an intentional act* by the accused to promote or assist such conduct. Unless "allowing" a genital touch is itself an offense (i.e., an act with a culpable mental state), *see* section 21.07(a)(3), or unless "allowing" such a touch constitutes "*acting* with intent" to promote or assist commission of an offense, *see* section 7.02(a)(2), the information does not charge appellant with culpable conduct even under the law of parties. We must determine, therefore, whether "allowing" a genital touch is an act.

In the Penal Code, "act" means "bodily movement, whether voluntary or involuntary . . . ." Sec. 1.07(a)(1) Tex.Penal Code Ann. (Vernon 1974). The word "allow" is given several meanings in Webster's Third New International Dictionary of the English Language Unabridged (1976) at 58, but only one of them is applicable here— "4:PERMIT a: to permit by way of concession b: to permit by neglecting to restrain or prevent." Employing the common usage of "allow," as we are commanded to do by Section 1.05(b), Tex.Penal Code Ann. (Ver-

---

4. The Penal Code defines the law of parties as follows:

Section 7.01  Parties to Offenses

(a) A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

(b) Each party to an offense may be charged with the commission of the offense.

(c) All traditional distinctions between accomplices and principals are abolished by this section, and each party to an offense may be charged and convicted without alleging that he acted as a principal or accomplice.

§ 7.02.  Criminal Responsibility for Conduct of Another

(a) A person is criminally responsible for an offense committed by the conduct of another if:

  . . . .

  (2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense . . . .

Tex.Penal Code Ann. (Vernon 1974).

non 1974), and article 5429b–2, section 2.01, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1982), *see Ex parte Cone*, 601 S.W.2d 383, 385 (Tex.Cr.App.1980) (*En Banc*), we construe the information to accuse appellant of permitting or letting someone else touch his genitals by failing to restrain or prevent such touching. In other words, appellant was accused of "not restraining" or "not preventing" the touching. Thus measuring the offense charged in the information, as that language is commonly used, against the Code's definition of an "act," plainly reveals that appellant could be guilty of "allowing" a genital touch without any bodily movement, i.e., without an "act." As a matter of definition, it logically follows that appellant cannot be guilty of the offense charged because "allowing" is not an act (and therefore not conduct as defined in the Penal Code).[5] Furthermore, appellant cannot be guilty under the law of parties, because section 7.02(a)(2) requires "*acting* with intent to promote or assist commission of the offense." If "allowing" a genital touch is not an *act* to constitute an offense, it is likewise not an *act* to promote or assist the commission of an offense.

■ A second problem also prohibits acceptance of the State's contention regarding the law of parties. To convict appellant as a party, the State had to prove that appellant was (1) "acting *with intent* to promote or assist the commission of the offense" and (2) that the culpable intent attached to the proscribed act at the time the conduct was performed. *See Ely v. State*, 582 S.W.2d 416, 420 (Tex.Cr.App.

1979). Although intent, being subjective, may be shown by the surrounding circumstances, appellant's mere presence at the scene is not enough. He must *do* or *say* something from which a culpable intent can be inferred. As noted earlier, however, appellant might be shown to be guilty of the charge—allowing the touching of his genitals—without doing anything at all. Under these circumstances, evidence of appellant's intent to promote or assist commission of the offense would have to be inferred from his mere presence, which is insufficient. *See Suff v. State*, 531 S.W.2d 814, 817 (Tex. Cr.App.1976); *Ortiz v. State*, 577 S.W.2d 246, 248 (Tex.Cr.App.1979). *Cf. Torme v. State*, 525 S.W.2d 9, 10 (Tex.Cr.App.1975) (intent to arouse and gratify can be inferred from appellant's *actions* together with statement he wanted to "make love" to complainant).

## II. Did the Information Give Appellant Adequate Notice?

■ The second question presented on this appeal is whether appellant's motion to quash should have been sustained because the information was ambiguous in alleging whose genitals were touched and who had the culpable mental state. We hold that the trial court erred in overruling appellant's motion. The information accused appellant of "then and there allowing the said Danny Burks to touch *his* genitals, with the intent to arouse and gratify the sexual desire of defendant ...." From this language, the genitals which are being touched, as well as the intent to arouse and

5. *Jacquez v. State*, 579 S.W.2d 247 (Tex.Cr. App.1979) actually points to—rather than away from—our conclusion, despite the dissent's assertion to the contrary. In *Jacquez*, the Court read the statute defining "sexual contact," Sec. 21.01, in the same way we do:

The statutory definition of sexual contact seems to contemplate that sexual contact occurs when the accused touches the victim's genitals, and not vice versa.

579 S.W.2d at 249.

The Court then held that the evidence was sufficient to support appellant's conviction of indecency with a child because it showed appellant had grabbed the minor victims and forced them to "touch and scrub" his penis.

We note that this portion of the *Jacquez* opinion dealt with a challenge to the sufficiency of the evidence, which requires a different standard of appellate review than a challenge to the charging instrument. *See* note 6 below. Even assuming, however, the applicability of *Jacquez* to measure the sufficiency of the information in this case, the "grabbing" and "forcing" there involved were clearly "acts" as defined in Sec. 1.07(a)(1), because they required "a bodily movement." Nothing in *Jacquez* suggests that "allowing," as charged here, is an act.

gratify, might belong either to Danny Burks or to appellant. The number of possible interpretations is shown by the following table:

| Whose genitals | Whose intent |
|---|---|
| 1. A[ppellant] | A |
| 2. A | B[urks] |
| 3. B | A |
| 4. B | B |

If the information is interpreted according to number 1 in the table, it did not state an offense by appellant for the reasons already given. If interpretation number 2 is correct, the information was defective because it did not allege that appellant had the culpable mental state required by section 21.01(2). If interpretation number 3 or 4 is correct, the information failed to allege the offense of public lewdness based on sexual contact. Burks could not engage in an act of sexual contact by touching his own genitals, because section 21.01(2) defines "sexual contact" as any touching of the genitals of *another person.*

In summary, the ambiguity of the information, and its failure to allege an offense by appellant under any conceivable interpretation, require that appellant's conviction be reversed.[6]

Reversed and remanded with instructions to dismiss the information.

SPARLING, Justice, dissenting.

I dissent.

Appellant claims that the information does not charge an offense and alternatively, fails to give him adequate notice of the offense charged. Majority agrees and reverses; I disagree and *would affirm.*

The import of the majority opinion, Part I, is simply that the charging instrument is insufficient because a willing, yet "passive," participant to an act of public lewdness *cannot* be convicted under the law. I believe that under the law of "parties" and the holding in *Jacquez v. State,* 579 S.W.2d

247 (Tex.Cr.App.1979), the information sufficiently describes prohibited conduct.

There are two "acts" relevant to this opinion, not to be confused. The first "act" is the prohibited conduct—the gravamen of the offense. This is the act of touching and may be committed by the accused *or by one other than the accused.* Majority, in reversing, starts with the premise that the act of touching must be done by the appellant, yet the statutory definition of sexual contact, as majority incorrectly implies, does not specify *who* must be the agressor of the sexual contact, *who* must do the touching, or *whose* sexual desire is intended to be aroused or gratified. Tex.Penal Code Ann. § 21.01 (Vernon 1974).

The second "act" is part of the law of "parties." This "act" unlike the first "act" discussed, must be done *by the accused* to invoke the law of "parties." The law of parties is a law that prescribes the *responsibility* of a suspect for the criminal conduct of another, or stated differently, the "acts" of another. Tex.Penal Code Ann. § 7.02 (Vernon 1974). The law of parties need not be pled, only charged to the jury if raised by the evidence. *English v. State,* 592 S.W.2d 949, 955 (Tex.Cr.App.), vacated on other grounds, 449 U.S. 891, 101 S.Ct. 254, 66 L.Ed.2d 120 (1980). The law of parties was charged to the jury in this case.

I would hold the recitation in the information "... by then and there allowing the said Danny Burks, to touch his genitals ...," accompanied by the requisite culpable mental state, to be sufficient. It describes a "touching" which should not be regarded as an exclusive act. Touching, within the statutory definition of "sexual contact" means to perceive by the sense of feeling. *Resnick v. State,* 574 S.W.2d 558, 559 (Tex. Civ.App.1978). It would seem reasonable that *all* perceive by the "sense of feeling." Once the information specified "sexual contact" as the touching of genitals, it became legally sufficient to withstand a motion to

---

**6.** The recitation of evidence by the dissent is irrelevant. "Axiomatic is the proposition that an indictment must be tested for validity by itself as a pleading, and can neither be supported nor defeated as a pleading by evidence" [citations omitted]. *Gibson v. State,* 623 S.W.2d 324, 329 n.4 (Tex.Cr.App.1981) (*En Banc*) (Opinion On State's Motion For Rehearing).

quash. *See Thomas v. State*, 621 S.W.2d 158 (Tex.Civ.App.1980); *Ferguson v. State*, 622 S.W.2d 846 (Tex.Civ.App.1981). The further recitation in the information, namely, "... by allowing ..." should not be construed to mean that appellant was not also "touching" within the meaning "perceive the sense of feeling." The words "by allowing", are used by the State to identify the role of the accused of conduct in which two persons are willing participants. Once the State proved the "act" of Danny Burks' touching the genitals of appellant, the State could then prove appellant's *responsibility* for that act under the law of parties.

This issue was decided in *Jacquez v. State, supra,* discussed by majority. This was an appeal from a conviction for indecency with a child pursuant to Tex.Penal Code § 21.11 (Vernon 1974), that provides:

(a) a person commits an offense if, ... he

(1) *engages in sexual contact* with a child. (Emphasis added.)

It is important to note that both the "sexual contact" as used in § 21.11, Indecency with a Child, and as used in § 21.07, Public Lewdness, are identically defined by § 21.01(2) of the Penal Code. Therefore the interpretation given by the courts to the term "sexual contact" in an indecency with a child case would be equally applicable in a public lewdness case. The facts of *Jacquez* are identical to the present case in that the defendant did not touch the children's genitals, but instead, was touched by the children. The Court of Criminal Appeals, in affirming stated:

We agree with appellant that the statutory definition of sexual contact seems to contemplate that sexual conduct occurs when the accused touches the victim's genitals, and not vice versa. However, the statutory definition of indecency with a child provides that a person commits an offense if he "engages in sexual contact *with the child.*"[1] ... By grabbing the complainants and forcing them to "touch and scrub" appellant's penis, appellant

engaged in sexual contact with the complainants.

Thus the rule is that one can "engage in sexual contact" by being touched, as well as by touching "another person."

The majority has attempted to distinguish *Jacquez* from the present facts as *Jacquez* addressed the sufficiency of the evidence, rather than the allegations in the information, yet it follows that if the act of "allowing" in *Jacquez* is sufficient to support a conviction, then a recitation of "allowing" in the pleading will serve to describe prohibited conduct. The court in *Jacquez* cites Tex.Penal Code Ann. § 7.02(a)(1) (Vernon 1974), indicating that the law of "parties" was charged, as it was in the present case.

The majority opinion looks beyond the pleadings to the facts of *Jacquez, supra,* to demonstrate how the accused in that case "acted" (by "grabbing and forcing") to invoke the law of parties. Since the law of parties is not raised by the information, but rather the evidence submitted at trial, we must look to the evidence, rather than the information to find the "act" making the appellant criminally responsible.

On the evening of March 29, 1979, several Dallas Police Department officers assigned to vice were working undercover in a "gay" bar located in the 3900 block of Cedar Springs in Dallas County. There were between 150–200 patrons in the bar, mostly men, and there was a dance floor where the men were seen dancing together. Several officers testified to the same series of events. Danny Burks was sitting on a barstool with his legs spread, kissing the appellant "passionately" on the lips. While kissing, appellant was rubbing Danny Burks' genitals with his hand. They were willing participants in that neither made any movement to avoid the contact.

The first officer then called other officers to observe. They testified that when they arrived, appellant and Danny Burks were then standing at the end of the bar, kissing

---

1. The emphasized words "with the child" do not affect the application to this case of the

principle of law stated therein.

on the lips and hugging, during which Danny Burks was seen rubbing appellant's genitals for a moment or two. Both appellant and Danny Burks were arrested shortly thereafter. It was this second encounter that was the offense alleged in the information. These facts are not contested, and they indicate more than "mere presence at the scene," as suggested by majority.

Once the evidence became sufficient to support a finding of "sexual contact" the jury was then entitled to determine the responsibility of the appellant. As stated in the law of parties, the appellant would be responsible if, "acting with intent to promote" the commission of the offense, he "encouraged" Danny Burks. "Acting" as used in Tex.Penal Code Ann. § 7.02 (Vernon 1974), modifies the words "intent to ... promote" in defining responsibility and, again, should not be confused with the "act" necessary in defining the forbidden conduct namely, "an act of sexual contact." *See* Tex.Penal Code Ann. § 21.07(a)(3) (Vernon 1974). I would hold, unlike the majority, that the *act* of appellant in going to. a "gay" bar, his *act* of kissing Danny Burks, his *act* of rubbing Danny Burk's genitals, and his *act* of spreading his legs to accomodate the "rubbing" are sufficient to prove that the appellant was acting with the intent to "promote" and "encourage" the sexual contact. I would therefore hold that appellant would be responsible for the sexual contact under the law of parties.

The majority contends in Part II of the opinion that the information is vague and ambiguous, thereby not providing adequate notice to the defendant. Once again I disagree. The majority, in citing no cases, has attempted a common sense approach to the construction of the word "his" in this information. In taking the same approach, I would hold that the allegation that the appellant "did ... knowingly engage in an act of sexual contact with Danny Burks, by then and there allowing the said Danny Burks, to touch his genitals ...", is not unduly vague. It would be unreasonable to construe that, after first alleging that the appellant had sexual contact with Danny Burks, the subsequent description of the "contact" was appellant's allowing Danny Burks to touch *himself.* I would hold that the appellant should have little difficulty in determining from the information that he was the one being touched.

In stretching to reverse, the majority has taken a hypercritical approach to the construction of the governing statute and charging instrument, and in so doing, has, contrary to the language in *Jacquez, supra,* refused to apply the public lewdness law to *both* knowing partners engaging in an act of public lewdness. I vigorously disagree with the majority holding, and would accordingly affirm.