**John Michael HERRING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 503–82.**

Court of Criminal Appeals of Texas, En Banc.

March 9, 1983.

Ken E. Mackey, Austin, for appellant.

Henry Wade, Dist. Atty., and Jeffrey B. Keck, Jim Jacks & Stephen Shelton, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. States Atty., Austin, for the State.

**OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW**

CLINTON, Judge.

As pertinent here V.T.C.A. Penal Code, § 21.07(a)(3) provides that a person commits an offense if in a public place he "knowingly engages in . . . an act of sexual contact," and for purposes of sexual offenses denounced in Chapter 21 "sexual contact" means, again as germane here, "any touching of . . . any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person,"

*id.,* § 21.01(2). A divided panel of the Dallas Court of Appeals held the allegations in an information do not constitute a penal offense, and also are so ambiguous that appellant's motion to quash the information should have been sustained. *Herring v. State,* 633 S.W.2d 905 (Tex.App.—Dallas 1982).

> The information alleged that appellant "did unlawfully then and there knowingly engage in an act of sexual contact with Danny Burks, by then and there allowing the said Danny Burks, to touch his genitals, with the intent to arouse and gratify the sexual desire of defendant, while said persons were in a public place..."

The problem in this public lewdness case thus is essentially one of statutory construction, and we granted the State's petition for discretionary review to determine whether the Court of Appeals correctly construed the applicable statutes. The issue, created by an innovative prosecutor with an apparent objective in mind,[1] is one of first impression in this Court.

At the outset we state explicitly what was implied by the panel opinion in *Jacquez v. State,* 579 S.W.2d 247 (Tex.Cr.App.1979): There is a distinction between conduct constituting indecency with a child as proscribed by V.T.C.A. Penal Code, § 21.-11(a)(1) and conduct amounting to public lewdness that is denounced by § 21.07(a)(3). The distinguishing feature of the former is that an offender engages in sexual contact "*with* the child"[2]—*Jacquez,* supra, at 249— the preposition connoting a sense of association of a reciprocal kind or by way of participation in an action or transaction. Webster's New International Dictionary (Second Edition) G.C. Merriam Company 1944. See also *Lujan v. State,* 626 S.W.2d 854, 859 (Tex.App.—San Antonio, 1981) Petition for Review refused, 1982. Thus, we need not

further notice the *Jacquez* opinion beyond its tentative observation that "the statutory definition of sexual contact *seems* to contemplate that sexual contact occurs when the accused touches the victim's genitals, and not vice versa," *id.,* at 249.

■ Reducing the statutes to a simple, unadorned statement of this matter, we find that a person commits an offense if he knowingly engages in an act[3] of touching any part of the genitals of another person (having the requisite specific intent). V.T.C.A. Penal Code, §§ 21.07(a)(3) and 21.-01(2). A further distillation of that statement refines the offense to knowingly touching any part of the genitals of another person (again, with prescribed intent). Given that an offender must act—make a bodily movement—with a specific intent on his part, in reason we cannot interpret the statutory provisions to embrace merely allowing another person to touch the genitals of the alleged offender in order to arouse or satisfy the sexual desire of the latter. Facially, at least, that kind of "submission" does not offend the statutes now being construed.

Indeed, by employing language in the instant information that is plainly de hors the applicable statutory provisions—engaged in an act of sexual conduct "with Danny Burks" by "allowing" Burks to touch his genitals—the pleader gives indications that some other theory of criminal liability is relied on. And in its petition for discretionary review the district attorney asserts at the outset that the court of appeals "fell into error" when it rejected "a parties theory of criminal responsibility" under which the State says it was proceeding, and such is the thrust of the dissenting opinion below.

However, in its petition the State primarily critiques the opinion of the court of

---

1. In a nightclub undercover vice officers observed appellant and another male hugging and kissing each other on their lips. Appellant then rubbed the genitals of his companion; his companion in turn rubbed the genitals of appellant. Following their arrest the prosecution here *is not* for appellant's affirmative act of touching, but for his "allowing" Burks to touch genitals.

2. All emphasis is added throughout by the writer of this opinion unless otherwise indicated.

3. For our present purposes as used in the penal code, "act" means "a bodily movement," § 1.07(a)(1).

appeals, rather than to explain the legal basis of its theory and how to apply it. For a development of contention we resort to the brief presented by the State to the court below.

Characterizing as "absurd on its face" an argument made by appellant in his brief, the State countered:

"Of course, the above absurdity would not occur if the person acquiescing in the public act of sexual intercourse (or in the present case, sexual contact) was responsible as a party pursuant to Sec. 7.02(a)(2) P.C. * * * [4]

*The facts in the present case* would certainly support a conclusion by the jury that the Appellant 'solicited' or at the very least 'encouraged,' through his actions, the sexual conduct effectuated by Burks. * * * Accordingly, the Appellant's conviction can be supported under a Sec. 7.02 theory. This being the case, the Appellant's argument that a person who received the public sexual touch is not guilty of public lewdness is without merit."

▬ It is true that the law of parties "enlarges a defendant's criminal responsibility," *Romo v. State,* 568 S.W.2d 298, 302 (Tex.Cr.App.1978), and that a jury may be charged with respect to the law of parties though that theory of criminal responsibility for the conduct of another was not alleged in the indictment, *Pitts v. State,* 569 S.W.2d 898, 900 (Tex.Cr.App.1978). However, application of those propositions in the trial of a criminal case depends upon the state of the evidence adduced; they have no relevance in testing sufficiency of a charging instrument. Indeed, just recently this Court made that abundantly clear:

"To require evidence reflected in a statement of facts to establish insufficient notice is to ignore the requirement that notice appear on the face of the indictment. Examination of the indictment, not the evidence is the ultimate test."

4. We have omitted an excerpt from the section cited.

5. We have addressed only the first major issue resolved by the Court of Appeals and, since the

*Jeffers v. State,* 646 S.W.2d 185 (Tex.Cr. App., Nos. 68,114–68,121, delivered February 2, 1983). The rule is even more forceful when the defect claimed is one of substance. *American Plant Food Corp. v. State,* 508 S.W.2d 598, 603 (Tex.Cr.App. 1974); Articles 27.08, § 1, 21.01, 21.02, 21.21 and 21.23, V.A.C.C.P. Acts alleged in a charging instrument "must be measured against the law they are supposed to violate," *Ex parte Cannon,* 546 S.W.2d 266, 270 (Tex.Cr.App.1976) (Odom, J., concurring), and a facial defect may not be cured through application of evidentiary principles of law. *Ex parte Kirby,* 626 S.W.2d 533, 534 (Tex.Cr.App.1981); compare *Victory v. State,* 547 S.W.2d 1 (Tex.Cr.App.1976).

The judgment of the Court of Appeals is affirmed.[5]

TEAGUE, J., concurs in result.

McCORMICK, Judge, dissenting.

With its interpretation of Section 21.07, V.T.C.A., the Court today destroys the clear purpose of that statute. As noted in the Practice Commentary, Section 21.07 was designed to punish lewd or indecent acts performed in public "because the conduct proscribed grossly flouts public sensibility." Searcy and Patterson, V.T.C.A., Section 21.-07, Practice Commentary. And as noted by another writer, "It is assumed that the acts enumerated are consensual type acts. If not, then other provisions in the chapter would apply ..." 2 Branch's Texas Annotated Penal Statutes, 3rd ed., p. 145, Explanatory Comment.

Section 21.07 provides in pertinent part: "(a) A person commits an offense if he knowingly engages in any of the following acts in a public place or, if not in a public place, he is reckless about whether another is present who will be offended or alarmed by his act:

"(1) an act of sexual intercourse;

cause must be reversed and remanded on that score, we pretermit a determination of whether the motion to quash for ambiguity in the information should have been sustained.

"(2) an act of deviate sexual intercourse;

"(3) an act of sexual contact;

"(4) an act involving contact between the person's mouth or genitals and the anus or genitals of an animal or fowl."

Section 21.01 provides in part:

"(2) 'Sexual contact' means any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person."

The majority's holding that only the party who does the touching (as opposed to the recipient of the touching) can be held responsible for an offense under Section 21.07 ignores the clear language and obvious intent of the section. Further, the majority's attempt to distinguish *Jacquez v. State,* 579 S.W.2d 247 (Tex.Cr.App.1979), fails miserably.

Section 21.07, supra, proscribes *engaging*[1] in an act of sexual contact. Engage has been defined as "to take part; participate." Webster's New Collegiate Dictionary, 150th Anniversary Ed. It follows then that both parties to a sexual contact can be responsible if both parties participate with the requisite culpable mental state.

In the case before us, the information alleged that appellant "did unlawfully then and there knowingly engage in an act of sexual contact *with Danny Burks ...*" In *Jacquez v. State,* supra, the defendant was charged with "unlawfully engaging in sexual contact with [two named victims] ... by forcing both said minors to touch [defendant's] exposed penis." The defendant argued that "sexual contact was not shown because he forced the complainants to touch his genitals, and that sexual contact occurs only when the accused touches the victim's genitals. The Court then stated:

"We agree with appellant that the statutory definition of sexual contact seems to contemplate that sexual contact occurs when the accused touches the victim's genitals, and not vice versa. However, the statutory definition of indecency with a child provides that a person commits an offense if he 'engages in sexual contact *with the child ...*' By grabbing the complainants and forcing them to 'touch and scrub' appellant's penis, appellant engaged in sexual contact with the complainants." (Emphasis in original.) *Jacquez,* supra, at 249.

Similarly, the statute now before us requires that an accused knowingly engage in an act of sexual contact. The only difference between an offense under Section 21.07 and 21.11 (Indecency with a child, *Jacquez v. State,* supra) is that under Section 21.11 the engagement must be with a child younger than 17 years. It may be true that "the *statutory definition* of *sexual contact* seems to contemplate that sexual contact occurs when the accused touches the victim," but it is likewise true that the *statutory definition of public lewdness* contemplates that both parties engaged in an act of sexual contact are guilty. Sexual contact is not a statutorily defined offense. It is merely one element of public lewdness. This the majority overlooks. The majority, in concluding as they have, have rewritten Section 21.07 to say that a person is guilty if he "*commits* an act of sexual contact" rather than "*engages* in an act of sexual contact."

To this judicial legislation, I vigorously dissent.

W.C. DAVIS and CAMPBELL, JJ., join in this dissent.

---

1. All emphasis by writer unless otherwise noted.