**Christopher Larken CREW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–01275–CR.**

Court of Appeals of Texas,
Dallas.

July 6, 1984.

Rehearing Denied Aug. 31, 1984.

Harry F. Smith, Houser, Smith, Shampton & Roberts, Plano, for appellant.

H. Ownby, Dist. Atty., Roger V. Dickey, Asst. Dist. Atty., McKinney, for appellee.

Before AKIN, SPARLING and SHUMPERT, JJ.

SPARLING, Justice.

Appellant was convicted of burglary of a habitation and sentenced to five years' imprisonment. The evidence to convict was sufficient only if corroborated accomplice testimony was considered. The jury impliedly found that the corroborating witness was not also an accomplice. Appellant challenged, by two motions for instructed verdict, the sufficiency of the evidence to corroborate the testimony of an accomplice. Appellant contends that the court erred by overruling his motions because both fact witnesses were accomplices as a matter of law. We disagree and affirm.

TEX.CODE CRIM.PROC.ANN. art. 38.14 (Vernon 1979) provides that "[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed...." The testimony of one accomplice witness cannot be used to corroborate another. *May v. State*, 618 S.W.2d 333, 338 (Tex. Crim.App.1981); *Carrillo v. State*, 591 S.W.2d 876, 881–82 (Tex.Crim.App.1979). If a witness is an accomplice as a matter of law, the court must so instruct the jury. *Castillo v. State*, 469 S.W.2d 572, 574 (Tex. Crim.App.1971); *Allen v. State*, 461 S.W.2d 622, 625 (Tex.Crim.App.1970).

If the evidence raises a question whether a witness was an accomplice, the court should submit the issue to the jury, even though the evidence may preponderate in favor of concluding the witness is an accomplice as a matter of law. *Harris v. State*, 645 S.W.2d 447, 454 (Tex.Crim.App. 1983) (*en banc*); *Brown v. State*, 640 S.W.2d 275, 279 (Tex.Crim.App.1982); *Arney v. State*, 580 S.W.2d 836, 839 (Tex. Crim.App.1979); *Caraway v. State*, 550 S.W.2d 699, 702 (Tex.Crim.App.1977). A witness is an accomplice as a matter of law only if the evidence clearly shows the witness is an accomplice. *Harris*, 645 S.W.2d at 454; *Burns v. State*, 556 S.W.2d 270, 285 (Tex.Crim.App.1977); *Miller v. State*, 442 S.W.2d 340, 344 (Tex.Crim.App.1969).

The judge instructed the jury that a witness, Mr. Hill, was an accomplice as a matter of law and charged the jury to determine as a matter of fact whether another witness, Ms. Grayham, was an accomplice. Appellant contends that Grayham also was an accomplice as a matter of law and, therefore, he was entitled to an instructed verdict pursuant to TEX.CODE CRIM.PROC.ANN. art. 38.17 (Vernon 1979):

In all cases where, by law, two witnesses, or one with corroborating circumstances, are required to authorize a conviction, if the requirement be not fulfilled, the court shall instruct the jury to render a verdict of acquittal, and they are bound by the instruction.

An accomplice is one who participates with another before, during, or after

the commission of a crime and who could be prosecuted for the offense with which the accused is charged. *Harris*, 645 S.W.2d at 457; *Russell v. State*, 598 S.W.2d 238, 249 (Tex.Crim.App.1980) (*en banc*); *Ferguson v. State*, 573 S.W.2d 516, 523 (Tex.Crim.App.1978) (*en banc*). A person who does not personally commit an offense may be charged with an offense under the law of parties if he or she is criminally responsible for one or more persons who did. TEX.PENAL CODE ANN. § 7.02 (Vernon 1974); *Galvan v. State*, 598 S.W.2d 624, 628 (Tex.Crim.App.1979). Thus, to hold Grayham responsible, as a party, for the burglary, the State would have to prove that (1) she acted with intent to promote or assist the commission of the offense; (2) her culpable intent attached to the offense at the time the conduct was performed; and (3) by words or other agreement she solicited, encouraged, directed, aided, or attempted to aid Hill and appellant to commit the offense. TEX.PENAL CODE ANN. § 7.02(b) (Vernon 1974); *Barron v. State*, 566 S.W.2d 929, 931 (Tex.Crim.App.1978); *Tarpley v. State*, 565 S.W.2d 525, 529 (Tex.Crim.App.1978); *Suff v. State*, 531 S.W.2d 814, 817 (Tex.Crim.App.1976); *Herring v. State*, 633 S.W.2d 905 (Tex.App.—Dallas 1982), *aff'd* 659 S.W.2d 391 (Tex.Crim.App.1983) (*en banc*). Events occurring before, during, and after the commission of the offense are relevant, and the fact finder may rely on actions which show an understanding and a common design to do a certain act. *Tarpley*, 565 S.W.2d at 529; *Ex parte Prior*, 540 S.W.2d 723, 727 (Tex.Crim.App.1976); *Taylor v. State*, 630 S.W.2d 469, 472 (Tex.App. —San Antonio 1982, no pet.).

Grayham, Hill's girlfriend, did not help plan the burglary. While appellant and Hill purchased a crow bar and placed stolen license plates on their vehicle, Grayham remained in the car. As appellant and Hill left the car to commit the offense, she agreed to blow the horn "if anybody drove up." She waited in the car while Hill and appellant used the crow bar to split the side panels of the door but never sounded the horn because "nobody ever drove up." She did not assist in transporting the stolen articles to the car except to "pull the seat up, so [appellant] could fit the guitar and the amplifier ..." and she did not transport any of the stolen objects from the car. She did not keep any of the stolen money or otherwise receive proceeds of the theft, although she did help to count the change.

As to Grayham's state of mind, Hill testified as follows:

[W]e didn't really tell her exactly what we were doing when we first drove by the apartment, and I ran up to find out if he was there, or not. And when I came back to the car I said, you know, everything is all set, or, now is the time to do it, or something,

\* \* \* \* \* \*

I don't think she knew. She might have. I really don't know if she did or not.

Hill further testified that "she didn't participate in any way, form, or fashion. She had nothing to do with it; she didn't get anything from it," and "she was just there."

Grayham testified that appellant and Hill did not tell her where they were going. Although the facts indicate that she may have been present during conversations regarding the anticipated burglary, she testified, inconsistently, that she first suspected a burglary "when they walked out of the house with the stuff" and, later, that she "sort of figured" it out when they first "cased" the apartment and switched the license plates.

She testified that she injected methamphetamine prior to the crime. She stated that she never criticized or commented on any of the plans and that she didn't get out of the car "[b]ecause I didn't know where I was at, and it was a long way...."

■ Grayham is not an accomplice witness merely because she knew of a crime but failed to disclose it or concealed it. *Russell*, 598 S.W.2d at 249; *Carrillo*, 591 S.W.2d at 882; *Drummond v. State*, 624 S.W.2d 690, 692 (Tex.App.—Beaumont

**790**

1981), pet. ref'd, 628 S.W.2d 781 (Tex.Crim. App.1982) *(en banc)*. Additionally, mere presence at the scene of an offense does not compel the conclusion that a witness is an accomplice as a matter of law, but it is a circumstance tending to prove participation. *Brown*, 640 S.W.2d at 279; *Medellin v. State*, 617 S.W.2d 229, 231 (Tex.Crim. App.1981); *Eastman v. State*, 636 S.W.2d 272, 274 (Tex.App.—Amarillo 1982, pet. ref'd).

We conclude that Grayham was not an accomplice witness as a matter of law. The jury may have inferred from the evidence that, with intent to promote or assist the commission of the offense, Grayham aided or attempted to aid its commission; thus, the issue of whether Grayham was an accomplice properly was charged to the jury as an issue of fact.

A contrary conclusion is not compelled by *Ysasaga v. State*, 444 S.W.2d 305 (Tex. Crim.App.1969), in which the witness denied knowledge of the burglary but admitted he "figured" the property was stolen and aided the disposition of the property at a profit. Grayham neither assisted in the disposition nor realized a profit. Our holding is consistent with *Urtado v. State*, 605 S.W.2d 907 (Tex.Crim.App.1980) (insufficient evidence to prove defendant had purpose or design in common with woman who cut window to make illegal entry, even though defendant flew the scene and drove the woman from the vicinity); *Ramos v. State*, 400 S.W.2d 907 (Tex.Crim.App.1966) (evidence defendant merely sat in car was insufficient); and *Drummond*, 624 S.W.2d at 692 (witness who did not participate in planning or promoting a murder and who testified that she was motivated by a fear of defendant was not an accomplice witness as a matter of law). *See also Herring*, 633 S.W.2d at 908–909.

Accordingly, we conclude the judge properly denied the instructed verdict and affirm.

Affirmed.