NUMBER 13-00-268-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 
ROBERT RICHARD COLE , Appellant,


v.


THE STATE OF TEXAS , Appellee.

On appeal from the 130th District Court

of Matagorda County, Texas.


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Chief Justice Valdez


After reviewing the briefs of the parties and the appellate record, we conclude all dispositive issues are clearly settled in
law. Therefore, we issue this memorandum opinion pursuant to rule 47.1 of the Texas Rules of Appellate Procedure. See
Tex. R. App. P. 47.1. The factual nature of this case, as well as its procedural history, are known to the parties; therefore,
we do not recount these matters in detail. For the reasons set forth below, we affirm the judgment of the trial court.

In one issue, appellant Robert Cole argues that the trial court erred in denying appellant's motion for instructed verdict
because there was insufficient evidence of sexual contact.

A challenge to the denial of a motion for directed verdict is essentially a challenge to the legal sufficiency of the evidence. 
Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990); Zavala v. State, 956 S.W.2d 715, 720 (Tex. App.-Corpus
Christi 1997, no pet.) In determining the merits of a legal insufficiency claim, we review the evidence in the light most
favorable to the judgment to determine if any rational trier of fact could have found each element of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim. App.
1998). If the evidence is sufficient to sustain the conviction, then the trial judge did not err in overruling appellant's
motion. Madden, 799 S.W.2d at 686. 

Appellant was indicted for indecency with a child. A person commits indecency with a child if he engages in sexual
contact with a child younger than seventeen years and not the person's spouse. Tex. Penal Code Ann. § 21.11(a)(1)
(Vernon Supp. 2001). "'Sexual contact' means any touching of the anus, breast, or any part of the genitals of another person
with the intent to arouse or gratify the sexual desire of any person." Tex. Penal Code Ann. § 21.01(2) (Vernon 1994).

The trial testimony showed that while, V.P., the victim, a child younger than 17, was at appellant's house playing video
games, appellant came out of the shower, disrobed in front of V.P., grabbed V.P.'s arm and caused V.P. to touch
appellant's "privates." The record further shows that V.P. was referring to the male genitalia when she used the term
"privates." Appellant, in his brief, concedes that the evidence showed, at best, that appellant caused the victim to touch his
genitals.

Appellant essentially claims that his indictment fails to allege an offense, and therefore, even if the conduct alleged in the
indictment occurred, the evidence is legally insufficient to support the jury's verdict. Specifically, in the indictment, the
State alleges that appellant committed an offense by causing V.P. to touch the genitals of appellant. According to
appellant, Texas Penal Code sections 21.01 and 21.11, which define the offense of indecency with a child, do not proscribe
this conduct. Instead, according to section 21.01, sexual contact occurs only when the defendant touches another person's
genitals. Because the indictment in the present case alleges only that appellant caused V.P. to touch his genitals, appellant
argues that no offense occurred. We disagree.

Appellant's argument overlooks the fact that the Texas Court of Criminal Appeals, when confronted with this argument in
Jacquez v. State, expressly rejected it. Jacquez v. State, 579 S.W.2d 247, 249 (Tex. Crim. App. [Panel Op.] 1979) ("By
grabbing the complainants and forcing them to 'touch and scrub' appellant's penis, appellant engaged in sexual contact with
the complainants."). Accordingly, we conclude that the indictment did allege conduct that constitutes the offense of
indecency with a child and that, when viewing the evidence in the light most favorable to the verdict, a rational trier of fact
could have found that appellant committed the offense as alleged in the indictment. The trial judge did not err in overruling
appellant's motion for instructed verdict.

We overrule appellant's sole issue. We affirm the trial court's judgment. 





________________________

ROGELIO VALDEZ

Chief Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 9th day of August, 2001.