**Delbert Wayne TAYLOR, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–03–228–CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 30, 2004.

Timothy J. Rountree, Dallas, for appellant.

Bruce Isaacks, Crim. Dist. Atty., Charles E. Orbison, Rick Daniel, Darren Ralstin, Asst. Dist. Attys., Denton, for appellee.

PANEL F: DAUPHINOT, HOLMAN, and WALKER, JJ.

### MEMORANDUM OPINION[1]

SUE WALKER, Justice.

#### I. INTRODUCTION

Appellant Delbert Wayne Taylor appeals his conviction for burglary of a habitation. A jury found Taylor guilty and assessed his punishment at seventeen years' confinement. In four points, Taylor challenges two jury instructions and the use of a prior conviction and an unadjudicated extraneous offense during the punishment phase. We will affirm.

#### II. FACTUAL BACKGROUND

Eyewitness testimony at trial placed Taylor at the scene of the crime, carrying

---

1. *See* TEX.R.APP. P. 47.4.

a television set out of the complainants' home. The eyewitness also testified that a female with long, black hair was sitting in a gray, four-door Ford waiting for Taylor.

A pawnshop employee testified that on the date of the burglary in question he took "a pawn" from Kristina Holland, matching the items stolen from the complainants. He testified that someone helped Holland carry in the items and identified that person as Taylor by comparing pictures to the videotape showing the pawn activity. In the months following the burglary, an officer located the car, which was described by the eyewitness, at Taylor's mother's house.

Taylor testified that on the date in question he had loaned his Ford Escort to "Chris and Angie," who were occupants at the motel where he was living. He stated that they came back with the car later that afternoon and that Chris told him that he wanted someone with an ID to go to a pawn shop. He said that he took his girlfriend Kristina Holland to the pawn shop, as well as a television and a VCR. He admitted that he helped Holland pawn the items, but he stated that he had no idea where the items came from and that he was suspicious of them.

The jury charge at the guilt-innocence stage included an instruction on law of parties. After deliberating, the jury found Taylor guilty of burglary of a habitation. After hearing evidence during the punishment phase, the jury assessed Taylor's punishment at seventeen years' confinement. This appeal followed.

### III. STANDARD OF REVIEW

■ Appellate review of error in a jury charge involves a two-step process. *Abdnor v. State,* 871 S.W.2d 726, 731 (Tex. Crim.App.1994). Initially, we must determine whether error occurred. *Id.* at 731–32. In determining if jury charge error exists, we view the charge as a whole, rather than focusing only on isolated statements or parts of the charge standing alone. *Fowler v. State,* 126 S.W.3d 307, 309 (Tex.App.-Beaumont 2004, no pet.) (citing *Marvis v. State,* 36 S.W.3d 878, 880 (Tex.Crim.App.2001)). If charge error occurred, we must then evaluate whether sufficient harm resulted from the error to require reversal. *Abdnor,* 871 S.W.2d at 731–32.

### IV. COURT'S CHARGE ON LAW OF PARTIES

■ In his second point, Taylor argues that the trial court violated his right to a fair jury trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and under article I, section 10 of the Texas Constitution by incorrectly instructing the jury on the law of parties. Specifically, Taylor argues that the charge's application paragraph allowed the jury to convict him of burglary of a habitation without the necessity of finding that another responsible party actually committed the offense.

In Texas, "[a] person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." TEX. PENAL CODE ANN. § 7.01(a) (Vernon 2003). Under the law of parties, the State may enlarge a person's criminal responsibility to acts in which he may not be the primary actor if such person, acting with intent to promote or assist the commission of the offense, solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Id.* § 7.02(a)(1)-(2).

Here, the application paragraph instructed the jury:

Now if you find from the evidence beyond a reasonable doubt that the defendant, DELBERT WAYNE TAY-

LOR, did, in Denton County, Texas, on or about the 11th day of January, 2002, then and there intentionally or knowingly enter a habitation, [without] the effective consent of Mark Courchesne, the owner thereof, with intent to commit theft or did attempt to commit theft, or commit theft, or if you believe from the evidence beyond a reasonable doubt that the defendant, DELBERT WAYNE TAYLOR, on or about the 11th day of January, 2002, either by his own conduct, or by acting with intent to promote or assist the commission of the offense of BURGLARY OF A HABITATION, as charged in the indictment, he solicited, encouraged, directed, aided or attempted to aid, KRISTINA HOLLAND, you will find the defendant guilty of burglary of a habitation, as charged in the indictment.

Immediately preceding the application portion of the charge, the jury was instructed in the abstract portion that

[a] person is criminally responsible as a party to an offense if the offense is committed by his own conduct, or by the conduct of another for which he is criminally responsible, or both. Each party to an offense may be charged with the commission of the offense.

Mere presence alone will not make a person a party to an offense. A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, or encourages or directs or aids or attempts to aid the other person to commit the offense.

Taylor did not object to the jury charge at trial.

Taylor argues that the phrase "to commit the offense (of BURGLARY OF A HABITATION)" should have been inserted after "KRISTINA HOLLAND" in the application portion so that the jury would have understood that it could only convict him for the criminal act of another if the State proved that Kristina Holland actually committed the burglary.

The law of parties instructions in the charge tracked the language of the relevant portions of the penal code. *See id.* §§ 7.01(a), 7.02(a)(2). The instructions explained when a person is criminally responsible for an offense committed by another and connected "an offense committed by the conduct of another" and "the other person to commit the offense" with "KRISTINA HOLLAND" by naming her in the application portion. Moreover, the following application paragraph language, requiring the jury to find that Taylor "either by his own conduct or by acting with intent to promote or assist in the commission of the offense of BURGLARY OF A HABITATION," sufficiently explained that the jury could find Taylor guilty as a party only if he acted with the intent to promote or assist in the burglary of a habitation. The very next clause of the same sentence in the application paragraph linked the burglary of a habitation to Kristina Holland.

█ Reviewing the application language in conjunction with the instructions, as we must, we hold that the trial court did not commit charge error because the jury charge correctly set forth the law of parties and did not allow the jury to convict Taylor as a party without finding that another person, Kristina Holland, committed the offense of burglary. *See Marvis,* 36 S.W.3d at 880 (holding language in application portion referable to abstract portion so that charge did not relieve State from proving *mens rea* element necessary for a party conviction nor authorize conviction only as a principal). We also hold that, even if Taylor was entitled to the additional language, he was not egregious-

ly harmed by the trial court's failure to include it. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g) (holding that conviction should not be reversed based upon uncontested charge error absent egregious harm to appellant); *see also Marvis,* 36 S.W.3d at 880 (explaining entire charge must be reviewed in context along with state of the evidence and relevant information revealed by record of trial as a whole to assess harm). We overrule Taylor's second point.

## V. GOOD CONDUCT TIME INSTRUCTION

In his first point, Taylor contends that the trial court erred by failing to include in the punishment charge the instruction mandated by article 37.07, section 4(c) of the Texas Code of Criminal Procedure dealing with good conduct time credit. The State responds that the punishment charge contains each paragraph and each word of the statutory instruction. We agree.

The record demonstrates that all of the language required by article 37.07, section 4(c) was included in the "Charge on Punishment" in this case. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07 § 4(c) (Vernon Supp. 2004–05). Consequently, the trial court did not commit charge error with respect to its instruction on good conduct time. We overrule Taylor's first point.

## VI. UNPRESERVED ERRORS

■ In his third and fourth points, Taylor complains that the prosecutor's introduction of the facts underlying one of Taylor's prior convictions[2] denied him a fair jury trial and that he was not given proper notice of an unadjudicated extraneous offense[3] used by the State during the punishment phase.

■ To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX.R.APP. P. 33.1(a)(1); *Mosley v. State,* 983 S.W.2d 249, 265 (Tex. Crim.App.1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R.APP. P. 33.1(a)(2).

Here, the record reveals that Taylor failed to assert a trial objection raising the complaints set forth in his third and fourth points. We hold that Taylor forfeited the errors, if any, by failing to specifically object at trial on the grounds of error urged on appeal. *See id.; Mendez v. State,* 138 S.W.3d 334, 342 (Tex.Crim.App. 2004) (holding that failure to comply with TEX.R.APP. P. 33.1(a) results in forfeiture of error); *Hartson v. State,* 59 S.W.3d 780, 788 (Tex.App.-Texarkana 2001, no pet.) (holding that where there was no objection to evidence based on State's failure to provide notice of its intent to use extraneous acts, contention of error was not preserved for appellate review). We overrule Taylor's third and fourth points.

## VII. CONCLUSION

Having overruled each of Taylor's four points, we affirm the trial court's judgment.

DAUPHINOT, J. filed a dissenting opinion.

---

**2.** The prior conviction dealt with evading arrest/detention with a motor vehicle in 2002.

**3.** The unadjudicated extraneous offense involved an unauthorized use of a motor vehicle on August 24, 2001 in Wichita County, Texas.

LEE ANN DAUPHINOT, Justice, dissenting.

"A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both."[1] An essential element of burglary of a habitation as a party or as a principal is that the offense was committed either by the other person or by the defendant.

The trial court is obligated to charge the jury on the "law applicable to the case."[2] This obligation requires the court to instruct the jury concerning each and every element of the offense.[3] The court's charge, rather than merely stating abstract propositions of law and general principles contained in the statutes, must clearly apply the law to the very facts of the case.[4] As our sister court in Dallas has pointed out,

> While the law of parties makes an accused criminally responsible, under some circumstances, for the conduct of another, see section 7.02, it does not alter the definition of the conduct constituting an offense. On the contrary, the language in section 7.02, making an accused vicariously responsible for aiding another "to commit the offense," *still requires conduct constituting an offense* plus an intentional act by the accused to promote or assist such conduct.[5]

A jury charge may not authorize a conviction on less evidence than the law requires.[6] Nor can either the indictment or the general statements of law supply the elements omitted from the application paragraph.[7]

In the case now before this court, the application paragraph instructed the jury to convict if they found Appellant had acted as a principal or that Appellant, acting with the specific intent to promote or assist a burglary, had solicited, encouraged, directed, aided, or attempted to aid Kristina Holland. The jury, however, was not required to find that Kristina Holland or anyone else had actually committed the burglary in the parties application. For this reason, I would hold that the trial court erred in submitting the improper charge to the jury and in allowing conviction on less evidence than required by law. I, therefore, respectfully dissent from the majority opinion.

1. Tex. Penal Code Ann. § 7.01(a) (Vernon 2003).

2. Tex.Code Crim. Proc. Ann. art. 36.14 (Vernon Supp.2004–05).

3. *See id.;* 43 George E. Dix & Robert O. Dawson, Criminal Practice and Procedure § 36.11, at 561–62 (Texas Practice 2001).

4. *Newton v. State,* 648 S.W.2d 693, 694–95 (Tex.Crim.App.1983); *Williams v. State,* 622 S.W.2d 578, 579 (Tex.Crim.App. [Panel Op.] 1981).

5. *Herring v. State,* 633 S.W.2d 905, 908 (Tex. App.-Dallas 1982), *aff'd,* 659 S.W.2d 391 (Tex. Crim.App.1983) (emphasis added).

6. *Polk v. State,* 749 S.W.2d 813, 815–16 (Tex. Crim.App.1988).

7. *Hernandez v. State,* 10 S.W.3d 812, 819–20 (Tex.App.-Beaumont 2000, pet. ref'd).