MARY'S OPINION HEADING 









                                                NO.
12-04-00268-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

GRANGER LAMBERT,       §                      APPEAL
FROM THE 

APPELLANT

 

V.        §                      COUNTY
COURT AT LAW

 

THE
STATE OF TEXAS,

APPELLEE   §                      HENDERSON
COUNTY, TEXAS

                                                                                                               
                                            

MEMORANDUM
OPINION

            Appellant Granger Lambert appeals his conviction for
driving while intoxicated.  In two
issues, Appellant challenges the factual sufficiency of the evidence and
asserts that the trial court committed error in the jury charge.  We affirm.

 

Background

            At approximately 8:15 p.m. on July 7, 2002, Texas
Department of Public Safety Trooper James Martin stopped Appellant on
Farm-to-Market Road 315 for failure to wear a seat belt.  Trooper Martin approached Appellant’s
vehicle, told him why he was stopped, and asked him to step out of the
vehicle.  While questioning Appellant,
Martin detected the odor of alcoholic beverages on his breath.  Appellant told the officer that he had one
beer to drink.  Martin asked Appellant to
perform three standardized field sobriety tests:  the horizontal gaze nystagmus  test (“HGN”), the “walk and turn” test, and
the “one leg stand.”  Martin then
administered a portable breath test to Appellant. 








            Martin concluded that Appellant was intoxicated and
arrested him for driving while intoxicated (“DWI”).  Martin took Appellant to the Henderson County
Justice Center in Athens and provided oral and written “DWI Statutory Warnings”
to Appellant.  Appellant refused to
provide Martin with a specimen of his breath. A complaint and information were
filed in the County Court at Law charging Appellant with DWI.  A jury trial was conducted on June 15, 2004.

            At trial, Martin testified that Appellant exhibited six
clues of intoxication when he performed the HGN test.  According to Martin, there is an “88 percent
chance” that a person is intoxicated if the person exhibits at least four clues
on the HGN test.  During cross
examination, Martin testified that he looked for eight “clues” when he
administered the “walk and turn” test, but Appellant exhibited only two clues.
Upon watching the video in court, Martin stated that Appellant may have made an
improper turn, but he did not note this in his report of the incident.  Martin also testified that although he was
six to eight feet from Appellant during the “walk and turn,” he could smell
alcohol on Appellant.  Martin stated that
he did not observe Appellant exhibit any of the four “clues” on the “one leg
stand.”          

            The jury found Appellant guilty of DWI.  The trial court sentenced Appellant to 34
days of confinement and assessed a one thousand dollar fine.  This appeal followed.

 

Factual Sufficiency

            In his first issue, Appellant contends the evidence is
factually insufficient to support his conviction.

Standard of Review

            In conducting a factual sufficiency review, we must first
assume that the evidence is legally sufficient under the Jackson[1]
standard.  See Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996). 
We then consider all of the evidence weighed by the jury that tends to
prove the existence of the elemental fact in dispute and compare it to the
evidence that tends to disprove that fact. 
See Santellan v. State, 939 S.W.2d 155, 164 (Tex.
Crim. App. 1997).  Although we are
authorized to disagree with the jury’s determination, even if probative
evidence exists that supports the verdict, 
see Clewis, 922 S.W.2d at 133, our evaluation should not
substantially intrude upon the jury’s role as the sole judge of the weight and
credibility of witness testimony.  Santellan,
939 S.W.2d at 164.  Where there is
conflicting evidence, the jury’s verdict on such matters is generally regarded
as conclusive.  See Van Zandt v.
State, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d).  Ultimately, we must ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that
the proof of guilt is so obviously weak as to undermine our confidence in the
jury's determination, or the proof of guilt, although adequate if taken alone,
is greatly outweighed by contrary proof. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).[2]  

            A verdict will be set aside “only if the evidence
supporting guilt is so obviously weak, or the contrary evidence so
overwhelmingly outweighs the supporting evidence, as to render the conviction
clearly wrong and manifestly unjust.”  Ortiz
v. State, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002); see  Sims v. State, 99 S.W.3d 600,
601 (Tex. Crim. App. 2003).  A clearly
wrong and manifestly unjust verdict occurs where the jury's finding “shocks the
conscience” or “clearly demonstrates bias.” Zuniga, 144 S.W.3d at
481.

            As the court of criminal appeals explained in Zuniga,
"There is only one question to be answered in a factual–sufficiency
review:  Considering all of the evidence in
a neutral light, was a jury rationally justified in its finding of guilt beyond
a reasonable doubt?”  See id.
at 484.

Analysis

            Appellant points out that “intoxicated” is an essential
element of the offense of DWI and contends that any evidence supporting the
jury’s finding that he was intoxicated is greatly outweighed by contrary
evidence.  As examples of contrary
evidence suggesting that he was not intoxicated, Appellant calls our attention
to Martin’s testimony during cross examination that he was not going to arrest
Appellant for his driving.  In fact,
Martin testified that Appellant did not swerve, have trouble maintaining his
lane of traffic, cross the center stripe, cross over the fog line or onto the
unimproved shoulder, or drive erratically. 
He also did not drive inappropriately when Martin pulled him over to the
side of the road.  Upon approaching
Appellant’s vehicle, Martin did not notice any signs of intoxication such as
red, bloodshot eyes, slurred speech, or fumbling with a driver’s license or
proof of insurance.  Martin also stated
that Appellant did not show any signs of intoxication before or after exiting
his vehicle, such as trouble opening the door, leaning on the door, exhibiting
a set stare, stumbling, or other unusual actions.  In general, Martin testified that Appellant
followed the instructions given to him.

            In addition to the evidence described by Appellant,
however, there was evidence of Appellant’s strong odor of alcohol and his
admission that he had been drinking. 
Appellant showed all six clues on the HGN field sobriety test.  He also showed two clues on the walk and turn
field sobriety test.  He refused to
provide a sample of his breath once he was taken into custody for driving while
intoxicated.[3]  The videotape of the incident was admitted
into evidence in this case as well as the statutory warning form.  Finally, Trooper Martin testified that
Appellant was intoxicated stating, “No doubt in my mind and isn’t now.”  

            Where there is conflicting evidence, the jury’s verdict
on such matters is generally regarded as conclusive.  See Van Zandt, 932 S.W.2d at 96.  Here, the jury resolved any conflicts in
favor of the State.  Our review of the
record as a whole, with consideration given to all of the evidence, both for
and against the jury’s finding, has not revealed to us any evidence that causes
us to conclude that the proof of guilt is so obviously weak or is otherwise so
greatly outweighed by contrary proof as to render Appellant’s conviction
clearly wrong or manifestly unjust. 
Therefore, we hold that the evidence is factually sufficient to support
the jury’s finding that Appellant was intoxicated.  Appellant’s first issue is overruled.

 

Jury Charge Error

            In his second issue, Appellant asserts that the trial
court erred in submitting an instruction that authorized the jury to convict
him on a theory unsupported by any evidence. 
The State argues that there was sufficient evidence to support the
submission of this definition in the charge. 

Standard of Review

            When
we review a jury charge for alleged error, we must first determine whether
error exists in the charge.  Ngo v.
State, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005).  In determining whether charge error exists,
we must view the charge as a whole, and our review should not be limited to a
series of isolated statements or parts of the charge standing alone.  Holley v. State, 766 S.W.2d
254, 256 (Tex. Crim. App. 1989); Taylor v. State, 148 S.W.3d 592,
594 (Tex. App.–Fort Worth 2004, pet. ref’d). 
If we determine the trial court erred, we must then determine whether
sufficient harm resulted from the error to require reversal.  Ngo, 175 S.W.3d at 743.  The degree of harm necessary for reversal
depends on whether the appellant preserved the error by objection.  Id.  Where the appellant properly objected to the
charge, reversal is required if the error is “calculated to injure the rights
of [the] defendant.”  Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).  This means no more than that there must be some
harm to the accused from the error.  Id.
(Emphasis in original).

The Court’s Charge

            A person commits the offense of DWI if the person is
intoxicated while operating a motor vehicle in a public place.  Tex.
Pen. Code Ann. § 49.04(a) (Vernon 2003). 
A person is intoxicated who has lost the normal use of his mental or
physical faculties by reason of the introduction of alcohol, a controlled
substance, a drug, a dangerous drug, a combination of two or more of those
substances, or any other substance into the body.  Id. § 49.01(2)(A).  Alternatively, a person is intoxicated when
he has an alcohol concentration of 0.08 or more.  Id. § 49.01(2)(B).  These two definitions of intoxication set
forth alternate means by which the State may prove intoxication, rather than
alternate means of committing the offense. 
Bagheri v. State, 119 S.W.3d 755, 762 (Tex. Crim. App.
2003).  

             The purpose of the
jury charge is to inform the jurors of the applicable law and guide them in its
application to the case.  Hutch v.
State, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996).  It is appropriate where an accused is charged
with a single offense of driving while intoxicated to charge the jury
disjunctively on the ways a person can be intoxicated.  Fulenwider v. State, 176 S.W.3d
290, 299 (Tex. App.–Houston [1st Dist.] 2004, pet. ref’d) (citing Kitchens
v. State, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991)).  However, the State must particularize its
allegations in the jury charge to only those supported by the evidence presented
at trial.  See Nickerson v. State,
782 S.W.2d 887, 891 (Tex. Crim. App. 1990).

            In this case, the court’s charge stated that 

 

[w]ithin the meaning of the law, when
such person is “intoxicated” means

                                (a)           Not having the normal use of mental
or physical faculties by reason of the introduction of alcohol into his body;
or

                                (b)           Having an alcohol concentration of
0.08 or more.

 

 

The application paragraph
charged the jury as follows:

 

Now,
if you find from the evidence beyond a reasonable doubt that on or about the 7th
day of July, 2002, in Henderson County, Texas the defendant, GRANGER
LAMBERT, while driving or operating a motor vehicle in a public place, was
intoxicated, to-wit: (a) that he did not have the normal use of mental or
physical faculties by reason of the introduction of alcohol into his body; or
(b) that he had an alcohol concentration of 0.08 or more then you will find the
defendant guilty as charged.

 

 

This language substantially
tracks the penal code definition of “intoxicated,” see Tex. Pen. Code Ann. § 49.01, but
was modified to exclude any reference to substances other than alcohol.  The modification conformed the charge and
application paragraph to the evidence at trial. 
No evidence was introduced to show that Appellant had an alcohol
concentration of 0.08 or more.  Appellant
objected to the alcohol concentration language in the charge, but the trial
court overruled his objection.            

            Based upon our review of the record, we conclude that the
trial court should have sustained defense counsel’s objection to the language
in the charge relating to alcohol concentration.  See Erickson v. State, 13
S.W.3d 850, 852 (Tex. App.–Austin 2000, pet. ref’d) (error where jury was given
statutory definition of intoxication, which included intoxicants other than
alcohol, because no evidence of other intoxicants was presented).  The State contends to the contrary, arguing
that Appellant’s refusal to take a breath test creates an inference that his
alcohol concentration was 0.08 or more. 
According to the State, it is unreasonable to argue that the failure to
provide a breath specimen is proof of the loss of normal use or physical or
mental faculties.  In addition, the State
continues, the refusal to provide a breath or blood sample is strong evidence that
in the person’s own mind, his alcohol concentration is above the legal
limit.  The State cites a number of cases
for the general proposition that the refusal to provide a breath or blood
specimen may be considered as evidence that a person was intoxicated.  However, it cites no case holding that the
refusal to provide a breath or blood specimen supports an inference that the
accused’s alcohol concentration was 0.08 or more.  In the absence of such authority, we decline
to adopt the rule suggested by the State. 
We therefore consider whether Appellant has suffered “some harm.”

             In his closing
argument, the prosecutor initially referred to the three ways in which a person
can be intoxicated: “[a]ny loss of mental faculties, any loss of physical
faculties, or a blood alcohol concentration of .08 or more.”  He then pointed out that “[w]e would have
know[n] for sure whether he had a .08 or more” if Appellant had not refused to
provide the breath specimen.  Next, the
prosecutor meticulously reviewed Martin’s testimony for the jury and concluded
by asking the jury to “make sure and consider all the evidence”: “[t]he
videotape, Trooper Martin’s testimony, and the defendant’s refusal to provide a
breath sample.”  Defense counsel
attempted to minimize the importance of Appellant’s refusal to submit a breath
sample.  He also told the jury that there
was no evidence that Appellant’s blood alcohol concentration was 0.08 or
greater.  The prosecutor did not attempt
to rebut this comment.  

            We see nothing in the prosecutor’s argument that suggests
the jury could convict Appellant based upon his alcohol concentration.
Moreover, Appellant has not identified any harm caused by the trial court’s
error.  Therefore, we conclude that the
error was harmless.  Appellant’s second
issue is overruled.

                        

Conclusion

            Having overruled Appellant’s two issues, we affirm the
judgment.

 

 

 

                                                                                                    DIANE DEVASTO   

                                                                                                                 Justice

 

 

Opinion
delivered February 28, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

(DO NOT PUBLISH)











[1] Jackson
v. Virginia, 443
U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).





[2] However, “contrary evidence does not
have to outweigh evidence of guilt; it has to be only enough to provide
reasonable doubt.”  Zuniga v.
State, 144 S.W.3d 477, 483 (Tex. Crim. App. 2004). 





[3] See Tex. Transp. Code Ann. § 724.061 (Vernon 1999) (person’s
refusal to submit to taking of specimen of breath or blood may be introduced
into evidence at person’s trial).