COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-392-CR

LARRY WAYNE HOLDING APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Larry Wayne Holding appeals his conviction and punishment for indecency with a child.  We affirm.

During closing arguments at the punishment phase of trial, defense counsel argued that appellant was a changed man and no longer a child molester because of his involvement with his church and his community.  In response, the prosecutor argued:

How many—how many good deeds does it take to wash away the sins that you’ve had?  Good deeds can do it?  I think not.  He was a child molester?  There’s no such thing.  We talked about that in voir dire.  There’s no cure.  There’s no cure.  There’s no such thing as I was a child molester, but I’m not today. 

In his first issue on appeal, appellant complains that the trial court improperly overruled his objection to the “there’s no cure” argument because the argument injected new and harmful facts into the record and constituted unsworn testimony from the prosecutor.  Appellant did not make these arguments in the trial court, however.  Instead, appellant merely objected below that the prosecutor’s argument was “outside the direct,” and there is no indication from the record that the trial court understood this objection to raise the complaint that appellant now makes on appeal.  Accordingly, appellant has forfeited this complaint, and we will not address it.
(footnote: 2)  We overrule appellant’s first issue.

In his second issue, appellant complains that the trial court improperly overruled his objection to paragraph 12 of the abstract portion of the jury charge because the paragraph failed to instruct the jury that it could not convict appellant without finding that he intended to engage in sexual contact with the complainant. 

The purpose of the jury charge is to inform the jury of the applicable law and guide them in applying the law to the case.
(footnote: 3)  In determining whether charge error exists, we view the charge as a whole rather than focusing only on isolated statements or parts of the charge standing alone.
(footnote: 4)
 A person commits the offense of indecency with a child if, with a child younger than 17 years and not the person’s spouse, whether the child is of the same or opposite sex, the person engages in sexual contact with the child.
(footnote: 5)  “Sexual contact” means any touching by a person of any part of the genitals of a child, if the act is committed with the intent to arouse or gratify the sexual desire of any person.
(footnote: 6)  A person acts intentionally, or with intent, with respect to the nature of his conduct when it is his conscious objective or desire to engage in the conduct.
(footnote: 7)  Sections 12 and 13 of the abstract portion of the court’s charge tracked these statutory provisions. 

Further, the application paragraph of the charge instructed the jury that it could not convict appellant of indecency with a child unless it found beyond a reasonable doubt that appellant “did then and there unlawfully and intentionally, with the intent to arouse or gratify the sexual desire of [appellant], engage in sexual contact by touching the genitals of [the complainant], a child younger than seventeen years and not the spouse of [appellant].”  Appellant concedes that the application portion of the charge is correct.

Considering the jury charge as a whole, we hold that it properly instructed the jury on the intent element of the offense.  Therefore, the trial court did not err by overruling appellant’s objection to the charge.  We overrule appellant’s second issue and affirm the trial court’s judgment. 

PER CURIAM

PANEL F:  CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 31, 2007 
 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. R. App. P.
 33.1(a)(1)(A); 
Bell v. State,
 938 S.W.2d 35, 54 (Tex. Crim. App. 1996) (“An objection stating one legal basis may not be used to support a different legal theory on appeal.”), 
cert. denied,
 522 U.S. 827 (1997); 
accord Heidelberg v. State,
 144 S.W.3d 535, 538 (Tex. Crim. App. 2004).

3:
Hutch v. State,
 922 S.W.2d 166, 170 (Tex. Crim. App. 1996).

4:
Taylor v. State,
 148 S.W.3d 592, 594 (Tex. App.—Fort Worth 2004, pet. ref’d).

5:
Tex. Penal Code Ann.
 § 21.11(a)(1) (Vernon 2003).

6:
Id.
 §  21.11(c)(1).

7:
Id.
 §  6.03(a).