COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-392-CR

 

 

LARRY WAYNE HOLDING                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Larry Wayne Holding
appeals his conviction and punishment for indecency with a child.  We affirm.








During closing arguments at
the punishment phase of trial, defense counsel argued that appellant was a
changed man and no longer a child molester because of his involvement with his
church and his community.  In response,
the prosecutor argued:

How manyChow many good deeds does it
take to wash away the sins that you=ve had?  Good deeds can do it?  I think not. 
He was a child molester?  There=s no
such thing.  We talked about that in voir
dire.  There=s no
cure.  There=s no
cure.  There=s no
such thing as I was a child molester, but I=m not today. 

 

In his first issue on appeal,
appellant complains that the trial court improperly overruled his objection to
the Athere=s no cure@ argument because the argument injected new and harmful facts into the
record and constituted unsworn testimony from the prosecutor.  Appellant did not make these arguments in the
trial court, however.  Instead, appellant
merely objected below that the prosecutor=s argument was Aoutside the
direct,@ and there is no indication from the record that the trial court
understood this objection to raise the complaint that appellant now makes on
appeal.  Accordingly, appellant has
forfeited this complaint, and we will not address it.[2]  We overrule appellant=s first issue.








In his second issue,
appellant complains that the trial court improperly overruled his objection to
paragraph 12 of the abstract portion of the jury charge because the paragraph
failed to instruct the jury that it could not convict appellant without finding
that he intended to engage in sexual contact with the complainant. 

The purpose of the jury
charge is to inform the jury of the applicable law and guide them in applying
the law to the case.[3]  In determining whether charge error exists,
we view the charge as a whole rather than focusing only on isolated statements
or parts of the charge standing alone.[4]








A person commits the offense
of indecency with a child if, with a child younger than 17 years and not the
person=s spouse, whether the child is of the same or opposite sex, the person
engages in sexual contact with the child.[5]  ASexual contact@ means any
touching by a person of any part of the genitals of a child, if the act is
committed with the intent to arouse or gratify the sexual desire of any person.[6]  A person acts intentionally, or with intent,
with respect to the nature of his conduct when it is his conscious objective or
desire to engage in the conduct.[7]  Sections 12 and 13 of the abstract portion of
the court=s charge
tracked these statutory provisions. 

Further, the application
paragraph of the charge instructed the jury that it could not convict appellant
of indecency with a child unless it found beyond a reasonable doubt that
appellant Adid then and
there unlawfully and intentionally, with the intent to arouse or gratify the
sexual desire of [appellant], engage in sexual contact by touching the genitals
of [the complainant], a child younger than seventeen years and not the spouse
of [appellant].@  Appellant concedes that the application
portion of the charge is correct.

Considering the jury charge
as a whole, we hold that it properly instructed the jury on the intent element
of the offense.  Therefore, the trial
court did not err by overruling appellant=s objection to the charge.  We
overrule appellant=s second
issue and affirm the trial court=s judgment.   

 

PER CURIAM

 

PANEL
F:  CAYCE, C.J.; GARDNER and WALKER, JJ.

 

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 31, 2007                             











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P. 33.1(a)(1)(A); Bell
v. State, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996) (AAn
objection stating one legal basis may not be used to support a different legal
theory on appeal.@), cert.
denied, 522 U.S. 827 (1997); accord Heidelberg v. State, 144 S.W.3d
535, 538 (Tex. Crim. App. 2004).





[3]Hutch
v. State, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996).





[4]Taylor
v. State, 148 S.W.3d 592, 594 (Tex. App.CFort
Worth 2004, pet. ref=d).





[5]Tex. Penal Code Ann. '
21.11(a)(1) (Vernon 2003).





[6]Id. ' 
21.11(c)(1).





[7]Id. ' 
6.03(a).