# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-07-00396-CR

**Joshelynn B. Smalls, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 59697, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found appellant Joshelynn B. Smalls guilty of aggravated assault and assessed a punishment of eleven years' imprisonment. *See* Tex. Penal Code Ann. § 22.02(a)(2) (West Supp. 2007). She now urges that the evidence is legally and factually insufficient to sustain the jury's guilty verdict. She also complains of error in the trial court's jury charge on self-defense. Finding no merit to appellant's contentions, we affirm the judgment of conviction.

The complainant, Charlisha Jefferson, testified that on May 31, 2006, she went to the apartment appellant shared with Michael Taylor to deliver a typed resume she had prepared for Taylor at his request. As she spoke to Taylor on the sidewalk outside the apartment, appellant approached them, told Taylor to go back into the apartment, and ordered Jefferson to leave. Jefferson testified that appellant was shouting and behaving in an aggressive manner. Jefferson backed away from appellant and, as she did so, she dropped her keys and cell phone. Appellant

picked these items up and threw them into the street. Jefferson testified that, when she turned to recover her keys and telephone, appellant attacked her. Appellant struck Jefferson and they fell into some bushes. Jefferson said she tried to fight back, but appellant had the better of the fight. After about one minute, appellant stopped fighting and returned to the apartment. It was then that Jefferson realized that she had been stabbed. She testified that she had cuts and stab wounds to her face, arm, clavicle, and breast, and that more than one hundred stitches and twenty staples were used to close the wounds. Photographs of Jefferson's injuries were introduced in evidence.

In a statement she gave to the police and in her own trial testimony, appellant admitted stabbing Jefferson, but she claimed that she acted in self-defense. According to appellant, Jefferson knew that she was unwelcome at the apartment because she had been asked to leave on other occasions. On the evening in question, after appellant asked her to leave, Jefferson cursed her and told her "you don't tell me what to do." Jefferson then said, "I'm going to beat your ass," and punched appellant. Appellant testified that she saw a shiny object in Jefferson's hand that looked like a knife or a box cutter. Appellant said that, after Jefferson struck her, she returned to the apartment, got a cigarette, and stepped back outside. Jefferson was still there, cursing and threatening her. Appellant went back into the apartment and got the knife. Jefferson testified that, when she stepped outside a third time, Jefferson charged her. Appellant said that, in the ensuing struggle, she was in fear for her life and stabbed Jefferson. Appellant acknowledged that she was not cut, stabbed, or injured in any way during the fight with Jefferson.

In her first two issues, which she argues together, appellant contends that the evidence is legally and factually insufficient to support the jury's verdict. Because the trial court charged

the jury on the use of force and deadly force in self-defense, we must determine if a rational trier of fact could have found beyond a reasonable doubt the essential elements of the alleged aggravated assault and against appellant's claim of self-defense. *See Zuliani v. State*, 97 S.W.3d 589, 594-95 (Tex. Crim. App. 2003); *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). In evaluating the legal sufficiency claim, we look at the evidence in the light most favorable to the verdict. *Saxton*, 804 S.W.2d at 914. In reviewing the factual sufficiency claim, we view all of the evidence in a neutral light. *Zuliani*, 97 S.W.3d at 595.

We do not understand appellant to be challenging the sufficiency of the State's proof regarding the elements of the offense. Appellant effectively admitted that she used the knife to intentionally cause bodily injury to Jefferson by testifying that she stabbed Jefferson in self-defense. Appellant's claim is that the State failed to meet its burden of rebutting her defense.

Much of appellant's argument is addressed to the issue of retreat. She notes that effective September 1, 2007, a person who has the right to be present, has not engaged in provocation, and has not engaged in criminal activity is not required to retreat before using force or deadly force in self-defense. *See* Tex. Penal Code Ann. §§ 9.31(e), .32(c) (West Supp. 2007). Appellant acknowledges that these amendments apply only to an offense committed after the effective date, but she argues that it is absurd not to apply the legislature's abandonment of the retreat requirement in the instant case and other cases arising before September 1, 2007. Whatever the merits of this argument, we do not reach it. Given the evidence, the issue in this case was not whether appellant had an obligation to retreat before defending herself, but whether she was defending herself at all.

Jefferson testified that appellant attacked her with a knife without provocation or justification. As trier of fact, the jury was the sole judge of the weight and credibility of the witnesses' testimony. *See Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). It was within the jury's province to accept or reject appellant's defensive testimony. *See Saxton*, 804 S.W.2d at 914. In a legal sufficiency review, we must assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Jefferson's testimony is clearly sufficient to support a finding beyond a reasonable doubt that appellant assaulted Jefferson with a deadly weapon and without justification. Issue one is overruled.

In a factual sufficiency review, deference must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, but the reviewing court may disagree with the result in order to prevent a manifest injustice. *Johnson*, 23 S.W.3d at 9; *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). The evidence will be deemed factually insufficient if the evidence supporting the verdict is so weak as to make the finding of guilt clearly wrong or manifestly unjust, or if the verdict is against the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Johnson*, 23 S.W.3d at 11. Jefferson's testimony was corroborated by the evidence of her extensive stab wounds. Appellant's self-defense claim was undermined by the fact that she suffered no injuries. Viewing the evidence equally, the jury's determination that appellant intentionally assaulted Jefferson without justification was neither manifestly unjust nor against the great weight of the evidence. Issue two is overruled.

4

Appellant's last issue complains of the manner in which the trial court presented the self-defense issue to the jury. Paragraphs one through five of the charge instructed the jury regarding the general law of assault and self-defense. Paragraph six applied the law to the facts, instructing the jurors to convict appellant if they found that she intentionally stabbed Jefferson with a deadly weapon as alleged, and to acquit appellant if they had a reasonable doubt. Paragraph seven further applied the law to the facts, instructing the jurors to acquit appellant if they found that she stabbed Jefferson with a deadly weapon in self-defense or if they had a reasonable doubt as to whether she acted in self-defense. Appellant argues that paragraph six erroneously permitted the jury to convict her without any consideration of her self-defense claim. Appellant asserts that "[a]n appropriate instruction would have directed the jury to consider self-defense in conjunction with the elements of the offense." Appellant did not object to the charge on this ground, nor does she now suggest how the charge should have been drafted.

In deciding whether there is charge error, we must review the charge as a whole rather than focusing on isolated parts of the charge. *Taylor v. State*, 148 S.W.3d 592, 594 (Tex. App.—Fort Worth 2004, pet. ref'd). Although paragraph six did not mention self-defense, paragraph seven required the jurors to acquit appellant if they believed that she acted in self-defense or had a reasonable doubt thereof. The charge also instructed the jury that the burden of proof beyond a reasonable doubt was on the State and that appellant was presumed innocent. The charge, read as a whole, adequately placed the burden on the State to prove beyond a reasonable doubt that appellant was not acting in self-defense. *Luck v. State*, 588 S.W.2d 371, 375 (Tex. Crim. App. 1979).

5

Even if the arrangement of the court's charge was erroneous, the error did not result in egregious harm. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) (standard of review for charge error). Among the factors to be considered in this harm analysis are the charge as a whole and the arguments of counsel. *Id*. We have already pointed out that the charge instructed the jurors to acquit appellant if it found or had a reasonable doubt that she stabbed Jefferson in self-defense. Both the prosecutors and defense counsel devoted much of their closing arguments to the self-defense issue. Virtually the last words the jury heard from the State were, "We have proven this case beyond a reasonable doubt and through the testimony of the victim, and the testimony of the defendant and her written statement we have disproved beyond a reasonable doubt any notion of self-defense they may have raised." Under the circumstances, we are confident that the jurors understood that they were to convict appellant only if they believed beyond a reasonable doubt that she did not act in self-defense. Issue three is overruled.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: May 14, 2008

Do Not Publish